Ryan P. O'Boyle,
    Plaintiff,

v.

Mark Sheremeta et al.,
    Defendants.

District Court Case No. 24-CV-895

Circuit Court Case No. 23-CV-6584 / 11-CF-3261

*U.S. District Court Wisconsin Eastern — SEP 23 2024 — FILED*

---

Now Comes Ryan P. O'Boyle, presenting a novel argument founded on well-established Constitutional law, precepts, precedents, and statutes, heretofore ignored, but affirmed and re-established by recent Supreme Court decisions in *Loper Bright Enterprises v. Raimondo*, 144 S.Ct. 2244; *City of Grants Pass, Oregon v. Johnson*, 144 S.Ct. 2202; and *Securities and Exchange Commission v. Jarkesy*, 144 S.Ct. 2117, and supported by the Fourth, Fifth, and Sixth Amendments of the U.S. Constitution, as well as Milwaukee County Court Rule 4.21, imploring the Court liberally construe this pleading to do substantial justice, requesting immediate action be taken by the Court ordering O'Boyle's unconditional release from custody, reimbursement for lost wages plus cash benefits, and that the State and its agencies cease and desist pursuit of revocation over "No Processed" criminal allegations permanently, and that the order is made retroactively applicable as per *Loper Bright*, correcting a manifest injustice perpetrated against O'Boyle and countless others repeatedly for decades. In support, the following is averred:

Pursuit of revocation is unconstitutional, malicious, and illegal when previously "No Processed" criminal allegations are prosecuted by a Probation Officer (P.O. or agent) at a Civil Hearing before an Administrative Law Judge (ALJ), who does not preside over a Court of Law, because a P.O. lacks statutory authority to make Probable Cause Determinations (PCD), order detention, charge a person with a crime, and deprive any person of the right to have a jury resolve serious criminal charges against them. *City of Grants Pass, Oregon v. Johnson*, 144 S.Ct....

This is the definition of "Kangaroo Court" and eminently unfair since the State already found no probable cause and evidence to process, much less prosecute; and a P.O. would therefore have no reason, evidence, and probable cause to prosecute a Revocation Hearing for those allegations once they are "No Processed". A P.O. and ALJ in this situation not only lack statutory authority, but both personal and subject matter jurisdiction and the most miniscule amount of reasonable suspicion to detain, charge, and pursue revocation over unsubstantiated allegations already deemed frivolous.

Revocations carried out this way are clearly unauthorized, unconstitutional, unsanctioned extra-judicial proceedings conducted under color of law by unelected agents and bureaucrats sans jurisdiction, and without lawful, statutory, and constitutional authority, in a manner inconsistent with the duties of their respective offices over the rights of others, with intent to obtain a dishonest advantage. Any revocation under these circumstances is not only a conviction by subterfuge and usurpation, but misconduct in public office and deprivation of rights under color of law. This illegal conduct has gone on unopposed for decades. 18 U.S.C. §242; W.S.A. §946.12(1)(3)

In this case, O'Boyle was revoked for mere allegations of Felony Battery-Strangulation/Suffocation that were "No Processed" due to lack of evidence, as per the ADA following a charging conference with police. Agent Jaclyn Alvarado received an e-mail confirming these facts, yet pursued revocation maliciously, well past the "PCD or release" mandate in Rule 4.21, sans viable or credible proof. The original proceeding did terminate in O'Boyle's favor, but was maliciously, unreasonably, and illegally continued by Jaclyn Alvarado, an agent of the State lacking statutory and quasi-judicial prosecutorial authority to do so. This is an obscenely clear instance of unconstitutional administrative overreach.

No law or statute allows a P.O. to usurp the prosecutor's role in charging, the Court's role in ordering detention and determining probable cause to deprive a person of liberty, grants an

agent the authority and ability to circumvent Rule 4.21 and the Fourth, Fifth, and Sixth Amendments, or bestows quasi-judicial prosecutorial authority upon them - since that would violate the Separation of Powers doctrine, arbitrarily depriving the person of their rights to liberty and to have a jury resolve serious criminal charges against them. A P.O. is an administrative agent and part of the Executive Branch of government along with the ALJ, who presides over administrative law, not criminal allegations or charges. Neither are officers of the Judicial Branch. Art. II, §1, Cl. 1.

In sum, if there is no Probable Cause Determination made by a Judicial Officer to charge and detain, pursuant to the Fourth, Fifth, and Sixth Amendments and Rule 4.21, there is no reasonable or probable cause to detain and pursue revocation over "No Processed" charges the State government already determined lacked merit, evidentiary support, and credibility or foundation. The Rule explicitly says those detained by parole/probation/extended supervision holds must be charged or released. Since O'Boyle was never charged, he must be released. State ex rel. Winnie v. Harris, 75 Wis.2d 547, 249 N.W.2d 791.

Wherefore, based on the above facts, the revocation order is void, as it was entered contrary to due process without jurisdiction, and Jaclyn Alvarado did maliciously continue prosecution sans probable cause, statutory authority, and jurisdiction, validating her reinstatement as defendant in Case No. 24-CV-895 and that the Court grant O'Boyle's request for relief, issuing an order for immediate and unconditional release from custody, reimbursement for lost wages plus cash benefits, and that the State and its agencies cease and desist pursuit of revocation over "No Processed" criminal allegations, correcting a manifest injustice perpetrated against O'Boyle and countless others repeatedly for decades.

Humbly Submitted,

Signed under penalty of perjury this 18th day of September, 2024.

Ryan P. O'Boyle

Ryan P. O'Boyle, Plaintiff