UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RYAN P. O'BOYLE, <br><br> Plaintiff, <br><br> v. <br><br> MARK SHERENETA, ANA ROMERO-PEREZ, CHRISTOPHER MADUSCHA, and JOHN DOE DEFENDANTS, <br><br> Defendants. | Case No. 24-CV-895-JPS <br><br> **ORDER** |

Pending before the Court in this civil rights action are Plaintiff Ryan P. O'Boyle's ("Plaintiff") motions for a preliminary injunction, ECF No. 2, and for unconditional release from custody, ECF No. 18. Each seeks the same relief—an order for Plaintiff's immediate release from custody. ECF No. 2 at 1; ECF No. 18 at 1, 3.[1]

As the Court has already informed Plaintiff several times, he "cannot seek a release from state custody . . . via a preliminary injunction." ECF No. 17 at 2; *see also* ECF No. 7 at 9 ("[A] prisoner in state custody cannot use a

---

[1]Plaintiff's motion at ECF No. 18 also requests "reimbursement for lost wages" and that the State of Wisconsin cease pursuing revocation proceedings against Plaintiff. Plaintiff has already requested reimbursement of lost wages in his complaint. ECF No. 1 at 5. With respect to his pending state revocation, the Court cannot intervene. *Sarlund v. Anderson*, 205 F.3d 973, 975 (7th Cir. 2006) ("Many of the plaintiff's claims are barred . . . by the spirit of the *Younger* doctrine, since he is trying to derail an ongoing . . . revocation proceeding." (citing *Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); and *Ohio C.R. Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 627 (1986))).

§ 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005))); *see also, e.g., Graham v. Broglin,* 922 F.2d 379, 380–81 (7th Cir. 1991) ("If a prisoner seeks by his suit to shorten the term of his imprisonment, he is challenging the state's custody over him and must therefore proceed under the habeas corpus statute . . . .").

Plaintiff must cease moving for such relief in this action. *See Garcia v. Smith*, No. 23-cv-1060, 2023 U.S. Dist. LEXIS 156309, at *9 (C.D. Ill. Sept. 5, 2023) ("Plaintiff's pleadings, at times, ask for his release from prison. . . . Plaintiff cannot seek his release from custody in a § 1983 lawsuit. . . . Plaintiff . . . should refrain from filing pleadings seeking that relief." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973))). Plaintiff is hereby on notice that any further such frivolous filings in this case may result in sanctions as appropriate, including dismissal of this action. *See United States ex rel. Verdone v. Cir. Ct.,* 73 F.3d 669, 671 (7th Cir. 1995) ("Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders."); *Chung v. KPMG LLP,* 104 F. App'x 576, 577 (7th Cir. 2004) ("[T]he court may appropriately use its inherent power to sanction a party who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.' . . . Even outright dismissal is within the bounds of the court's discretion." (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) and citing *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1058 (7th Cir. 1998))).

Accordingly,

**IT IS ORDERED** that Plaintiff Ryan P. O'Boyle's motion for preliminary injunction, ECF No. 2, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff Ryan P. O'Boyle's motion for unconditional release from custody, ECF No. 18, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of October, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge