# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RYAN P. O'BOYLE,<br><br>    Plaintiff,<br><br>v.<br><br>MARK SHEREMETA, ANA ROMERO-PEREZ, KRISTOPHER MADUSCHA, NASH DATHE, JUAN GARCIA, NATHAN LOCICERO, and ALAN CARSKY,<br><br>    Defendants. | Case No. 24-CV-895-JPS<br><br><br>**ORDER** |

  On November 4, 2024, the Court entered a scheduling order in this matter, allowing Plaintiff until November 25, 2024 to amend his pleadings. ECF No. 22 at 1. Plaintiff timely filed an amended complaint, ECF No. 23, and the Court screened that amended complaint under 28 U.S.C. § 1915A(b). ECF No. 25. Plaintiff has since timely identified four John Doe defendants by name, ECF No. 28 (identifying Nash Dathe ("Dathe"), Juan Garcia ("Garcia"), Nathan Locicero ("Locicero"), and Alan Carsky ("Carsky")), and the Court ordered service as to those defendants, ECF No. 29. Currently, three of those four newly named defendants have submitted waivers of service. ECF Nos. 33, 34, 35; *see also* ECF No. 39. Service as to one newly named defendant, Garcia, remains outstanding. ECF Nos. 40, 41.

  The Court is now in receipt of a second amended complaint from Plaintiff, dated February 13, 2024. ECF No. 42. This second amended complaint purports to, inter alia, name an additional defendant, Shawn Humitz ("Humitz"), and voluntarily dismiss defendant Carsky. *Id.* at 10.

The Court will order that this second amended complaint be stricken from the record as unauthorized.[1] Plaintiff was already afforded time within which to identify any John Doe defendants and amend his pleadings accordingly. ECF No. 22 at 1, 2; *see also* Fed. R. Civ. P 15(a)(1) ("A party may amend its pleading *once* as a matter of course . . . ." (emphasis added)). To the extent that he wished to further amend his pleadings, he had to either seek leave of Court or obtain the written consent of each opposing party. Fed. R. Civ. P. 15(a)(2) (applying "[i]n all other cases"). He did neither.

Plaintiff writes that he wishes to add Humitz due to having "discovered [his name] on January 30, 2025 after [he] perused the MPD dispatch records." ECF No. 42 at 10. But the Court ordered Plaintiff to identify any John Doe defendants within ninety days of the entry of the scheduling order. ECF No. 22 at 2 (entered Nov. 4, 2024). That time elapsed on February 3, 2025—i.e., after Plaintiff learned Humitz's identity but before Plaintiff filed the second amended complaint—and Plaintiff never moved the Court to extend that period.

To the extent that Plaintiff wishes to further amend his complaint to reflect his purported discovery of Humitz's name, he needs to comply with Rule 15 of both the federal and local rules. He must move the Court for leave to file a second amended complaint, attaching the proposed second amended complaint to the motion. *See* Civ. L.R. 15(b). His motion must clarify what change(s) he seeks to make in the amended pleading. *Id.* It must also demonstrate why the Court should grant him leave to further amend and to include Humitz as a defendant. Any such motion and attached

---

[1] Accordingly, the Clerk of Court shall also reinstate Alan Carsky as a defendant and terminate Shawn Humitz as a defendant,

proposed amended complaint are due on or before **March 21, 2025**. Failure to timely and properly comply with these directives will result in this case proceeding solely on Plaintiff's amended complaint dated November 22, 2024, ECF No. 23, the Court's order screening that amended complaint, ECF No. 25, and Plaintiff's identification of Dathe, Locicero, Carsky, and Garcia as the John Doe Defendants, ECF No. 28.

The Court will also take this opportunity to note that the U.S. Marshals Service was unable to effectuate service of process as to recently identified defendant Garcia because Garcia "resigned from the Milwaukee Police Department in June of 2024" and MPD declined to provide any additional information. ECF Nos. 40, 41. The U.S. Marshals Service has indicated that "[w]ithout personal identifiers such as date of birth, our options to find the correct person with such a common name are limited." ECF No. 41 ("[A]t this time, we do not have enough information provided by the plaintiff to find Mr. Garcia."). It is Plaintiff's responsibility to furnish to the U.S. Marshal "information sufficient to identify the" defendant. *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). Plaintiff has thus far provided the U.S. Marshals Service with only a first and last name and a former employer for Garcia, which has proved to be insufficient.

"[T]he Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m)." *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (citing *Sellers*, 902 F.2d at 602). The Court will accordingly sua sponte extend Plaintiff's service deadline as to Garcia to **April 21, 2025**. The ball is now in Plaintiff's court, and there are several options for how he may proceed. He could file on the docket additional information or identifiers as to Garcia to enable the U.S. Marshal Service to locate him, to the extent that he has such additional information.

Alternatively, he could seek the issuance of a subpoena, to be served on the Milwaukee Police Department, to seek to compel it to "produce designated documents [or] electronically stored information" relating to Garcia's identifiers, such as his date of birth. Fed. R. Civ. P. 45(a)(iii). He would direct such a request to the Clerk of Court. Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."). Such a subpoena may be served on MPD by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 45(b)(1).[2]

In light of the foregoing developments, the Court will also sua sponte amend its scheduling order, ECF No. 22, in order to allow the parties sufficient time to comply with its protocols. Discovery is now to be completed by **Friday, May 2, 2025**; Interim Settlement Report is now due by **Friday, May 23, 2025**; and Summary Judgment Motions are now due by **Friday, June 6, 2025**.

Accordingly,

**IT IS ORDERED** that Plaintiff Ryan P. O'Boyle's proposed second amended complaint, ECF No. 42, be and the same is hereby **STRICKEN**; Plaintiff's amended complaint, ECF No. 23, and the Court's order screening the same, ECF No. 25, remain operative; the Clerk of Court is directed to reinstate Alan Carsky and terminate Shawn Humitz as Defendants;

---

[2] Service of a subpoena may be effectuated by the U.S. Marshal service if the indigent plaintiff so requests. *See* Fed. R. Civ. P. 45(b)(1), Notes of Advisory Committee on Rules—1991 Amendment ("The reference to the United States marshal and deputy marshal is deleted because of the infrequency of the use of these officers for this purpose. Inasmuch as these officers meet the age requirement, they may still be used if available.").

**IT IS FURTHER ORDERED** that Plaintiff Ryan P. O'Boyle may seek leave to file a proper second amended complaint as discussed herein, if at all, on or before **March 21, 2025**;

**IT IS FURTHER ORDERED** that Plaintiff Ryan P. O'Boyle's deadline to effectuate service of process via the U.S. Marshal Service as to Defendant Juan Garcia be and the same is hereby sua sponte extended to **April 21, 2025**; and

**IT IS FURTHER ORDERED** that the scheduling order, ECF No. 22, be and the same is hereby **AMENDED** as follows: Discovery is now to be completed by **Friday, May 2, 2025**; Interim Settlement Report is now due by **Friday, May 23, 2025**; and Summary Judgment Motions are now due by **Friday, June 6, 2025**.

Dated at Milwaukee, Wisconsin, this 28th day of February, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge