# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

RYAN P. O'BOYLE,

    Plaintiff,

v.                 Case No. 24-CV-895

MARK SHEREMETA, et al.

    Defendants.

---

## DEFENDANT DATHE, LOCICERO AND CARSKY'S ANSWER TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

---

  NOW COME Defendants, DATHE, LOCICERO, and CARSKY (the "Responding Defendants"), by their attorney, Evan C. Goyke, City Attorney, represented by Clint B. Muche, Assistant City Attorney, and, as and for their answer to the Plaintiff's Amended Complaint, admit, deny, allege, and state as follows:

1. On November 24, 2022, at about 2:15AM, inside my residence at 4715 W. Howard Avenue in the City of Greenfield, Wisconsin, Defendants Mark Sheremeta, Ana Romero-Perez, Christopher Maduscha and three unknown Defendant-Officers unlawfully and maliciously operated outside Milwaukee Police jurisdiction, arresting me without any reasonable or probable cause, demonstration of probable cause and exigent circumstances prior to entry, without any writ, warrant, or legal process, sans valid, specific, and unanimous consent to entry, and without lawful authority, entered my property and barged into the home with a rifle, directed, caused and procured me to be seized, pulled and dragged about by force, threat of force, arms and violence, and also directed, caused and procured me to be compelled by threat of force and at gunpoint to go from my residence, in an along various streets in the Cities of Greenfield and Milwaukee, to the District 6 Police Department in the City of Milwaukee, against my will, without my consent, and by deceit, with intent to injure and cause me to be imprisoned, did lock me in jail and violate my rights, causing my imprisonment for seven hundred and thirty (730) days and counting, all to my damage in the sum of $3,500,000.00 for the unreasonable and wanton deprivation of my inalienable Fourth Amendment rights, substantive due process rights to life, liberty and property, and right to remain free from government interference without sufficient grounds by threat of force under color of law.

**RESPONSE:** This paragraph contains multiple allegations. Defendants Dathe and Locicero admit that they were present on November 24, 2022 when Plaintiff was taken into custody inside the residence at 4745 W. Howard Avenue in Greenfield, Wisconsin and subsequently conveyed to Milwaukee Police Department ("MPD") District 6 for booking, but deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Carsky denies that he was present when Plaintiff was arrested; these Responding Defendants lack knowledge or information sufficient to form a believe as to Plaintiff's alleged damages and therefore deny the same and put him to his proof. The Responding Defendants affirmatively assert that Plaintiff's factual allegations regarding the circumstances under which he was taken into custody are blatantly contradicted by the video evidence; that they entered the residence with consent; that probable cause to arrest existed based on the facts and circumstances known to them at the time; that they used objectively reasonable force in taking Plaintiff into custody; that the Department of Corrections issued an Order to Detain Plaintiff for violating the terms of his supervision on November 24, 2024; and that Plaintiff has been held pursuant to the sentence imposed by Milwaukee County Circuit Court Case No. 2011-CF-3261 since, and as such so much of this Amended Complaint as makes a claim for unlawful detention is not cognizable under 42 U.S.C. § 1983 pursuant to the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.

2. On November 25, 2022, at 8:35AM, Defendant Mark Sheremeta presented the case to Assistant District Attorney Stephanie Krueger, and it appeared on the examination that no offense of any kind had been committed, that there was not probable cause for charging me, and the prosecution was terminated, thirty hours and twenty minutes (30:20:00) post illegal entry, arrest, and seizure outside of Milwaukee Police jurisdiction.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants admit that a charging conference was held at the date and time specified and involving the parties

named, but deny that a final charging decision was made earlier than November 26, 2022, and further deny the remaining allegations and/or conclusions in this paragraph, including that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed. The Responding Defendants affirmatively assert that whether probable cause to arrest existed at the time depends on the facts and circumstances known to the arresting officer(s) at that time, that subsequent charging decisions made by employees of the Milwaukee County District Attorney's Office are multifactorial and do not necessarily bear upon whether or not probable cause to arrest existed in the past, and that the rationale memorialized in Milwaukee Police Department Supplemental Report 223280012.004 and 223280012.005, i.e. "inability to prove beyond a reasonable doubt," does not indicate that no offense of any kind had been committed or that Plaintiff was arrested without probable cause.

3. At the time of the illegal entry, warrantless arrest, kidnapping and false imprisonment; I was employed as a. Mechanic by Wisconsin Auto and owner-operator of Barabbas at a salary of $1,500.00 per week, and because of the illegal arrest and illegally initiated proceedings lost my employment and have since not been able to find or obtain any other, I was detained from attending to business affairs, was injured in my reputation and credit, suffered great mental distress, deprivation of rights, pain of body, humiliation, anguish of mind and spirit, and did expend the sum of $13,128.00 in costs, expenses, and counsel fees, lost insurance coverage and wages in the sum of $216,000.00 and counting, all to my damage in the sum total of $3,729,128.00 for the violation of my rights, loss of employment, and unlawful deprivation of liberty etc.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants deny that they violated Plaintiff's rights or are liable to Plaintiff as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and lack knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's income, prior or current employment, costs and expenses, and/or total

3

claimed damages. The Responding Defendants affirmatively assert that the Department of Corrections independently moved to detain and revoke the supervised portion of the sentence previously imposed in Milwaukee County Circuit Court Case No. 2011-CF-3261; that the State of Wisconsin Division of Hearings and Appeals ordered that status revoked and imposed a three-year period of re-incarceration based upon its independent findings that Plaintiff had violated the terms of his supervision; and that these independent acts are superseding and intervening causes of Plaintiff's current custodial status and not the responsibility of these Responding Defendants in any event.

4. I have suffered irreparable harm and great hardship at the hands of the Defendants through their violation of my fundamental constitutional rights that has resulted in pain, suffering, and even the risk of my and my mother's death and/or permanent injury. I know the violation of a fundamental constitutional right constitutes irreparable harm, even if temporary, based on researching ***Elrod v. Burns***, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and ***Jones "El v. Berge***, 164 F.Supp.2d 1096 (U.S. Dist. Ct. W.D. WI) etc.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed, and lack knowledge or information sufficient to form a belief as to the truth of the specific harms asserted by Plaintiff in this paragraph, and therefore deny the same and put to his proof. The Responding Defendants incorporate by reference all affirmative defenses raised by their responses herein.

5. I am unsure why the Defendants violated my rights this way, but have logically deduced it was a mixture of an over-zealous desire to "get the bad guy" at any cost, lack of training and education regarding Constitutional Law and the Fourth Amendment, inculcation into the "believe all women" mindset, lack of comprehension regarding jurisdiction and lawful authority, carrying out what has clearly become a customary practice within the MPD, and simple overreaction.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or

4

conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed.

6. I have suffered irreparable harm and will not be made whole by a mere award of damages at the end of the trial because the harm caused at the Defendants' hands resulted in a profound loss of liberty, violation of numerous fundamental constitutional rights, unlawful separation from family, inability to breathe fresh air or feel sunlight due to inhumane prison conditions, missing my Uncle Joe's final days and funeral, inability to go to church, adhere to my strict diet and exercise routine, the denial of the comforts of my own home, and unlawful restraint from the enjoyment of freedoms that remained unrestricted by the conditions of supervision that have collectively caused severe emotional, mental, and spiritual trauma and anguish, all on top of the substantial economic harm caused. This irreparable harm continues and is compounded by my false imprisonment.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed. The Responding Defendants affirmatively assert that Plaintiff's factual allegations regarding the circumstances under which he was taken into custody are blatantly contradicted by the video evidence; that Plaintiff is presently serving a sentence based upon the independent acts of the Department of Corrections and State of Wisconsin Division of Hearings and Appeals, which independent acts are superseding and intervening causes of his current custodial status and not the responsibility of these Responding Defendants; and that Plaintiff's claim for unlawful detention is *Heck*-barred.

7. The Milwaukee Police broke the law and deprived me of my rights on November 24, 2022 by conducting an unreasonable and illegal warrantless in-home arrest via subterfuge entering my home by threat of force without a prior demonstration of both probable cause and exigent circumstances, without valid and unanimous consent to entry, and by conducting the unlawful seizure in the City of Greenfield, clearly outside Milwaukee Police jurisdiction.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful

conduct on their part or the part of any other officer present that they observed. The Responding Defendants affirmatively assert that Wis. Stat. § 175.40(5) authorizes law enforcement officers having territorial jurisdiction wholly or partially within a county having a population greater than or equal to 750,000 people to make arrests throughout that entire county; that the Village of Greenfield and the City of Milwaukee are both located in Milwaukee County; that the population of Milwaukee County is greater than 900,000 people; and that they entered the residence with consent.

8. Milwaukee Officer-Defendants' actions were carried out in the absence of lawful authority in the City of Greenfield sans warrant, both probable cause and exigency, valid consent, and at gunpoint, violating my substantive due process rights because the interference and conduct is and was so arbitrary and irrational that, when the Court considers all the circumstances it shocks the conscience. I have suffered grave hardship and irreparable harm at the hands of the Defendants.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and affirmatively assert that probable cause may arise based upon third-party reports; that Wis. Stat. § 968.07 directs that a law enforcement officer shall make an arrest if the officer has grounds to believe the suspect has committed domestic abuse and there is evidence of physical injury to the alleged victim; that video evidence establishes beyond dispute that a complaining witness told officers that Plaintiff, whom she was in a dating relationship with, had battered and strangled her; and that video and photographic evidence establishes beyond dispute that they observed physical injury to her person; Defendant Carsky denies that he was personally involved in Plaintiff's arrest or subsequent detention.

9. I know probable cause is not and cannot be an "absolute defense" because immunity depends on the totality of circumstances. This is especially true where officers are operating outside their jurisdiction, i.e., without lawful authority, and where exigent

circumstances do not exist, were not demonstrated prior to entry or were created merely by the officers' investigation or as a means to gain entry by subterfuge, and where officers had more than enough time; to acquire a warrant if, probable cause truly existed, as happened here. This conduct offends basic Constitutional Law, violates nay clearly established Constitutional Rights, and demonstrates extrajudicial acts were performed by the Defendants that do not amount to legal process. I was deprived of my rights.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein.

10. Probable cause does not bestow lawful authority upon· officers automatically. I know this because my ex-wife, Melissa Anne Behling, was a Military Police officer, my twin brother, Garret O'Boyle, is a former Waukesha Police officer and current FBI agent, and I have researched and studied the Constitution, Bill of Rights, common law practices, police procedure, and historical accounts - stretching back to the Code of Hammurabi, Magna Carta etc. - of the issuance of warrants, writs, and other legal practices for nearly two decades. "Lawful authority" describes whether the officer's actions are conducted in accordance with the law and requires that police, conduct be in compliance with both the Federal and State Constitutions, in addition to any applicable statutes. The Defendants clearly violated and deprived me of my clearly established fundamental Constitutional Rights on November 24, 2022 by entering the City of Greenfield sans warrant, Milwaukee County Sheriff or Greenfield Police escort; without prior demonstration of both probable cause and exigent circumstances, and by forcibly entering my home without consent, by subterfuge and at gunpoint, undeniably kidnapping and falsely imprisoning me under color of law. This is a clear violation of my substantive due process 'rights' protection against arbitrary government actions, regardless of the fairness of the procedures used to implement them.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein.

7

11. Probable cause is not a warrant and cannot take the place of one for arrest and seizure inside the home in the absence of exigent circumstances, and those must be demonstrated prior to action and entry and cannot be the result of investigation or of the officer's own making. I know these facts based on my research of: ***Payton v. New York***, 445 U.S. 573, 100 S.Ct.1371; ***Welsh v. Wisconsin***, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732; ***Laasch v. State***, 84 Wis.2d 587, 267 N.W.2d 278; ***State v. Smith***, 131 Wis.2d 220, 235, 388 N.W.2d 601 (1986), ***State v. Kryzaniak***, 241 Wis.2d 358, 624 N.W.2d 389 (2001); ***State v. Young***, 2006 WI 98, ¶76 294 Wis.2d 1, 717 N.W.2d 729; ***State v. Guard***, 2012 WI App 8, ¶30,338 Wis.2d 385, 808 N.W.2d 718 (2011) ("the government cannot justify a search on the basis of exigent circumstances that are of the law enforcement officers' own making"); ***State v. Hay***, 392 Wis.2d 845, 946 N.W.2d 190 etc. The Defendants' actions on November 24, 2022, unreasonably carried out within the City of Greenfield and inside my home sans warrant, probable cause and exigent circumstances, and without valid consent by subterfuge and threat of force, clearly violated the law and my Constitutional Rights.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein.

12. If the Defendants claim the entry and arrest was valid pursuant to ***Act 79***, this defense would fail because ***Act 79*** applies only to *reasonable* searches and does not obviate the need for an arrest warrant, cannot be arbitrarily and capriciously abused in order to effectuate a warrantless entry and arrest inside one's dwelling, and cannot be employed as a subterfuge to gain entry to arrest, especially outside of the Defendant-Officers' jurisdiction. The Defendants' acts violated clearly established Constitutional Rights and ***Wis. Stats. §§ 302.043(4), 940.30, l940.3l(l)(a)(b)(c)***, and ***946.12(1)(2)(3)***, as well as my rights secured by the Fourth Amendment and Article 1, § 11 of the Wisconsin Constitution.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they

observed and incorporate by reference all affirmative defenses raised by their responses herein, and in addition affirmatively assert that persons subject to extended supervision have a diminished expectation of privacy in their person, residence, and property under the laws of the State of Wisconsin; that law enforcement officers are authorized under Wisconsin law to search the person, residence and/or property of persons subject to extended supervision at any time during the period of supervision if they reasonably suspect that the person is committing or has committed a crime or violation of a condition of parole; and that consent is a complete defense to Plaintiff's unlawful entry claim irrespective of the existence or non-existence of exigent circumstances.

13. Under the Fourth Amendment, an exigent circumstance is needed for a warrantless entry into one's home regardless of the strength of the probable cause to arrest or the existence of a statute authorizing the arrest. *(Payton v. New York*, 445 U.S. 573, 100 S.Ct.1371); *People v. Torres,* 205 Cal.App.4th 989, 140 Cal.Rptr.3d 788, 12 Cal. Daily Op. Serv. 4890 etc.). Being on probation, parole, or extended supervision is *not/* an exigent circumstance that can be claimed the Defendants never demonstrated any true exigency prior to the unlawful entry and instead invented their own, probable cause can never be assumed merely because someone is on supervision etc. - as that assumption abrogates our individual substantive due process rights, relieves the police of the "heavy burden ... to demonstrate an urgent need"(*Id*. 466 U.S. at 750), and obviates the requirement for a judicially determined warrant on top of being unreasonable, unfair, and unconstitutional, and Defendants never obtained or demonstrated probable cause at any time. People have rights, regardless of probation/supervision status. The Defendants clearly violated my rights by illegal entry, use of excessive force, and execution of arrest without a warrant, without both probable cause and prior demonstration of valid exigent circumstances, and by arresting me inside my home at gunpoint in the City of Greenfield, outside of Milwaukee Police jurisdiction.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein,

including without limitation that consent is a complete defense to Plaintiff's unlawful entry claim irrespective of the existence or non-existence of exigent circumstances.

14. An officer may have probable cause, but still lack lawful authority to take any action until a judicially determined warrant is issued, esp. in a different jurisdiction or city. The warrant itself "warrants" or bestows lawful authority upon the officer to take action and an arrest warrant "will suffice to interpose the magistrate's determination of probable cause between the zealous officer and the citizen." *Id*. 445 U.S. at 602. This was needed here, especially since the Defendants' interest was supposedly only to investigate unfounded claims made by an intoxicated woman and the presumption of unreasonableness of a warrantless intrusion is difficult to rebut in that case, and the government usually should be allowed to make such arrest only with a warrant issued upon probable cause by a neutral and detached magistrate. *Id*. 466 U.S. at 751. Based on the facts averred, the Defendants' actions violated my Fourth Amendment rights under color of law, were unreasonable and done without lawful authority. After all, "When an officer undertakes to act as his own magistrate, he ought to be in a position to justify it by pointing to some real immediate and serious consequences if he postponed action to get a warrant." *Id*. At 460, 69 S.Ct. 196 (footnote omitted). This never happened and the Defendants never obtained or demonstrated probable cause.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein, including without limitation that Plaintiff was detained pursuant to Order of the Department of Corrections, which independent act is a supervening or intervening cause for which these Responding Defendants are not responsible.

15. The Defendants' actions on November 24, 2022 fulfill the statutory definition and requirements of kidnapping and false imprisonment by threat of force, per *Wis. Stat. §§940.30; 940.31 (l)(a)(b)(c)*, while the Defendants deprived me of my substantive due process rights of property and liberty arbitrarily under color of law, i.e. without warrant of any kind. There is no excuse for these serious felony actions carried out by the Defendant-Officers and *18 U.S.C §242* is very clear about the seriousness of such acts. ("…if such acts include kidnapping or an attempt to kidnap ... [the perpetrator] shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to, death.") The Defendants' violation of my rights has caused irreparable harm

and I am never going to be made whole, even by an award of damages or other relief at the end of this action. The damage done by Defendants' actions is permanent.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein, and in addition affirmatively assert that the existence of lawful authority is a complete defense to the intentional torts of false imprisonment and kidnapping; that officers acting in good faith are immune from civil liability arising from the decision to arrest an alleged offender pursuant to Wis. Stat. § 968.075(6); that no action may be brought or maintained against a municipal employee under state law in Wisconsin unless within 120 days after the happening of the event giving rise to the claim written notice of the circumstances of the claim is served upon the municipality and the officer; and that Plaintiff did not satisfy the pre-suit requirements specified in Wis. Stat. § 893.80 necessary to maintain suit under state law, which failure is fatal to any claims under state law.

16. It is black letter law that a Constitutional violation is an unlawful act. *See, e.g., Segura v. United States,* 468 U.S. 796, 829, 104 S.Ct. 3380 (referring to Fourth Amendment violations as illegal conduct); *State v. Smith,* 131 Wis.2d 220, 235, 388 N.W.2d 601 (1986) (Stating that an arrest in violation of the State or Federal Constitution is unlawful); *City of Milwaukee v. Kilgore,* 193 Wis.2d 168, 189, 532 N.W.2d 690 (1995) (noting that a use of police power in violation of due process is unlawful.) In order to have "lawful authority," the officer's actions must be conducted in accordance with law. Here, the Milwaukee Police broke the law and deprived me of my rights by conducting an unreasonable and illegal warrantless in-home arrest via subterfuge, entering my home by threat of force without a prior demonstration of both probable cause and exigent circumstances, without valid and unanimous consent to entry, and by conducting the unlawful seizure in the City of Greenfield, outside Milwaukee Police jurisdiction. These actions fulfill the statutory definition and requirements of kidnapping and false imprisonment by threat of force while the officers operated under color of law outside their jurisdiction. The government did not acquire jurisdiction in the proceedings that led

11

Case 2:24-cv-00895-JPS   Filed 03/06/25   Page 11 of 18   Document 44

up to entry of the judgment or demonstrate probable cause to hold me in custody, proving I remain falsely imprisoned. *U.S.C. §242*

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein.

17. I am falsely imprisoned because I was arrested without legal process via subterfuge based on fabricated exigent circumstances of the officer's own making. Ofc. Mark Sheremeta et al. acted without lawful authority outside Milwaukee Police jurisdiction entering the City of Greenfield sans warrant of any kind, without Sheriff or Greenfield Police escort and a probation officer, without specific consent, and without a specific consent, and without a demonstration of a valid exigency prior to the (*sic*) entry. Defendant Sheremeta, leading the other Defendants, entered the City of Greenfield under color of State law and came onto my property and into my home with a loaded M-16 series rifle at the "high-ready" position, unlawfully entering the home without warrant or valid consent while asserting authority to search and seize that he did not have by threat of force, failing to demonstrate both probable cause and a valid exigency of any kind. The officer pounded on the door until my Mother, Kathleen A. O'Boyle, answered and, showing reckless and wanton disregard for our safety, property rights, and liberty interests, through an unreasonable failure to ask specific consent to enter, search, seize, etc., forced his way into the home rifle first while shouting nonsense about "guns in the basement," creating an exigency when he was to be conducting an investigation. The entry and arrest were entirely illegal and unreasonable, done in violation the State and Federal Constitutions, in violation of both of our due process rights, and shows the State never acquired personal jurisdiction legally. The subsequent detention and revocation does not somehow cure the taint, excuse officers' felonious behavior in kidnapping and false imprisonment by threat of force under color of law, and does not extinguish my Fourth Amendment claim, nor abate the seriousness of these shocking and criminal Constitutional Rights violations because probable cause to detain was never determined at anytime (*sic*).

**RESPONSE:** This paragraph contains multiple allegations. Defendants Dathe and Locicero admit that they knocked and announced their presence outside the residence, were granted entry by Kathleen O'Boyle, a person having apparent authority, and used objectively reasonable force under the circumstances known to them in taking Plaintiff into custody based on probable cause to believe he had committed crimes and/or had violated the conditions of his supervision;

Defendant Carsky denies that he was present during these events; All Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein, including without limitation that Plaintiff was detained pursuant to Order of the Department of Corrections, which independent act is a supervening or intervening cause for which these Responding Defendants are not responsible.

18. Based on knowledge and experience gained from a previous Civil Rights action that included researching **State v. Munroe**, 244 Wis.2d 1, 630 N.W.2d 223 in depth, I know that a non-objected-to, warrantless entry by law enforcement officers into living quarters is entry demanded under color of office and is thus granted in submission to authority, rather than as an understanding and intentional waiver of a constitutional right. The Defendant-Officers deceptively implied that they had lawful authority to enter and search the residence and conduct a warrantless felony arrest inside home, barging into the home with a rifle, demanding entry under color of law by force, failing to request and obtain freely and voluntarily given consent to search by insinuating they had lawful authority by threat of force and at gunpoint, with full-knowledge they were operating in the City of Greenfield, well outside Milwaukee Police jurisdiction. There is no excuse for these felony actions that deprived me of my rights by threat of force at gunpoint.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein.

19. The Defendant-officers failed to ask for consent in any way, shape, or form, and never obtained a judicially determined warrant for the purposes of arrest or demonstrated both probable cause and exigent circumstances prior to the unreasonable and unlawful entry and arrest November 24, 2022, violating my clearly established Constitutional Rights.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein, including without limitation that Defendants Locicero and Dathe (but not Defendant Carsky) entered the residence with consent.

20. John Doe Defendants, Ana Romero-Perez, and Christopher Maduscha violated my Rights on November 24, 2022, breaking the law by failing to intervene or attempt to stop Defendant Mark Sheremeta from violating my rights, breaking the law and committing numerous felonies, adhere to basic Fourth Amendment procedure, or even question whether they had lawful authority or not. These Defendants blindly followed their overzealous leader, failing in their duty to protect my Constitutional Rights, adhere to their oath of office, or display an ounce of honesty and integrity by mustering the fortitude to question their blatantly illegal actions that violated my rights.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein. Defendant Carsky denies that he was present at the residence.

21. To make a prima facie showing a party is required to point to facts that demonstrate he is entitled to relief. I have done this repeatedly, however, "An affidavit from the [Plaintiff] setting forth such facts would be necessary; in order to establish a prima facie case." ***State v. Ernst***, 2005 WI 107, 283 Wis.2d 300, 699 N.W.2d 92.

**RESPONSE:** This paragraph contains assertions and conclusions, legal or otherwise, to which no response is required.

22. Party establishes prima facie case for summary judgment by setting forth evidentiary facts, which, if they remain uncontradicted by opposing party's affidavits, resolve all factual issues in moving party's favor. ***In re Estate of Oaks***, 392 Wis.2d 352; ***Koss Corporation v. Park Bank***, 379 Wis.2d 629, 907 N.W.2d 447.

**RESPONSE:** This paragraph contains assertions and conclusions, legal or otherwise, to which no response is required.

23. I was arrested without legal process via subterfuge based on false exigent circumstances of the officer's own making inside my home at 4715 W. Howard Avenue in the City of Greenfield by Defendant-Officers from the City of Milwaukee on November 24, 2022. My Fourth Amendment claim stands following my illegal warrantless and wholly unreasonable in-home arrest conducted outside of the Defendants' jurisdiction without lawful authority or probable cause. The "mere fact that legal process has gone forward does not extinguish a detainee's Fourth Amendment claim or somehow convert that claim into one founded on the Due Process Clause." ***Manuel v. City of Joliet, III***, 580 U.S. 357, 137 S.Ct. 911. *See* ***Wallace v. Kato***, 549 U.S. 384, 389, 1275 S.Ct. 1091 (2007) (explaining that the seizure of a person was "without legal process" because police officers "did not have a warrant for his arrest."). I remain falsely imprisoned.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: The Responding Defendants deny that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed and incorporate by reference all affirmative defenses raised by their responses herein.

## AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES, and upon information and belief, the Responding Defendants allege and state to the Court as follows:

1. The Responding Defendants incorporate by reference all affirmative defenses raised within their responses to the allegations within Plaintiff's Complaint;

2. Upon information and belief, Plaintiff has failed to state a claim upon which relief can be granted;

3. The provisions of Wis. Stat. § 893.80(1d)(a) and (b) are fully applicable and mandatory as to all parties in this action, and upon information and belief, Plaintiff has failed to satisfy the pre-suit conditions precedent to bring or maintain state law claims;

4. Wis. Stat. § 893.80(1d)(a) requires Plaintiff to serve written notice of the circumstances of the claim within 120 days of the happening of the event giving rise to the state law claim and failure to do so within the statutory time-frame renders any such claim not cognizable under state law;

5. The City of Milwaukee and its employees and/or agents are entitled to immunity for legislative, quasi-legislative, judicial and quasi-judicial acts and further immune from liability for the discretionary acts of its employees pursuant to Wis. Stat. § 893.80(4);

6. Law enforcement officers in Wisconsin have a ministerial duty to arrest pursuant to Wis. Stat. § 968.075(2) when reasonable grounds to believe a suspect has committed domestic abuse exist, and there is evidence of physical injury to the alleged victim;

7. Wis. Stat. § 968.075(6) grants immunity from civil liability for decisions to arrest made in good faith under that section;

8. The Responding Defendants acted within the scope of their authority as public officials, their acts and/or omissions were discretionary and in response to the circumstances and/or exigent circumstances encountered, and they are therefore entitled to immunity from claims;

9. The Responding Defendants' actions were objectively reasonable, and they are entitled to immunity and/or qualified immunity from claims, as well as limitations on actions and damages, as provided by Wisconsin statutes, by federal regulations, and by operation of state and federal common law;

10. City police officers, supervisors and officials acting in good faith, without malice, and pursuant to their duties as law enforcement officers, are immune from liability pursuant to the doctrine of qualified immunity;

11. The conduct attributable to the Responding Defendants did not constitute any violation of a clearly established constitutional right and this action must be summarily dismissed.

12. All of the Responding Defendants acts and/or omissions were undertaken in a good faith belief that the actions were lawful and were not in violation of any federal or state constitutional right, and Defendant's conduct was not motivated by malice or intent to harm;

13. The Responding Defendants are not liable under 42 USC § 1983 because their actions were constitutional under the circumstances or exigent circumstances and did not compromise or deprive plaintiff of any clearly established constitutional rights;

14. Plaintiff is not entitled to punitive damages;

15. Upon information and belief, one or more of Plaintiff's claims may be barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994);

16. Plaintiff's injuries and damages, if any, were caused in whole or in part by Plaintiff's acts or omissions; and

17. If Plaintiff suffered any losses and such losses were not caused by Plaintiff's own negligence, acts or omissions, then such losses were caused by third parties or other factors, including superseding and intervening causes, and are not the responsibility of the Responding Defendants.

**WHEREFORE**, defendant demands judgment as follows:

1. Dismissing the complaint of the plaintiffs on its merits and with prejudice, together with costs and disbursements.

17

Case 2:24-cv-00895-JPS   Filed 03/06/25   Page 17 of 18   Document 44

2. Granting such other relief as the Court may deem just and equitable.

## JURY DEMAND

Defendants demand a trial by jury of all issues so triable.

Dated and signed at Milwaukee, Wisconsin this 6th day of March, 2025.

EVAN C. GOYKE
City Attorney

s/Clint B. Muche
CLINT B. MUCHE
Assistant City Attorney
State Bar No. 1131629
*Attorneys for Defendants Sheremeta, Romero-Perez, Maduscha, Dathe, Locicero, and Carsky*

Address
200 East Wells Street
City Hall 800
Milwaukee, WI 53202
Tel: 414-286-2601
Fax: 414-286-8550
Email: cmuche@milwaukee.gov

1032-2024-1431/296573