Ryan P. O'Boyle,
    Plaintiff,
v.

Mark Sheremeta, Ana Romero-Perez,
Khristopher Maduscha, Nash Dathe,
Juan Garcia, Nathan Locicero, Shawn Humitz,
    Defendants.

Case No. 24-CV-895

**Amended Complaint and Supporting Affidavit**

---

I, Ryan P. O'Boyle, hereby swear, on personal knowledge, experience, belief, information, and self-evident and authenticating facts that:

1) On November 24, 2022, Defendants Mark Sheremeta, Ana Romero-Perez, Nash Dathe, Juan Garcia, Nathan Locicero, and Shawn Humitz unlawfully and maliciously operated outside Milwaukee Police jurisdiction in the absence of exigency and a Mutual Aid Agreement, arresting me at about 2:15AM inside my residence at 4715 W. Howard Avenue in the City of Greenfield, Wisconsin, without any reasonable or probable cause, demonstration of probable cause and exigent circumstances prior to entry of the City of Greenfield or the curtilage of my home to perform a warrantless and nonconsensual search, and finally entered my home without any writ, warrant, or legal process, sans valid, express, and unanimous consent to entry, and without lawful authority, entered my property and barged into the home with a rifle, directed, caused and procured me to be seized, pulled and dragged about by force, threat of force, arms and violence, and also directed, caused and procured me to be compelled by threat of force and at gunpoint to go from my residence, in an along various streets in the Cities of Greenfield and Milwaukee, to the District 6 Police Department in the City of Milwaukee, against my will, without my consent, and by deceit, with intent to injure and cause me to be imprisoned, did lock me in jail and violate my rights, causing my imprisonment for eight hundred and ten (810) days and counting, all to my damage in the sum of $3,500,000.00 for the unreasonable and wanton deprivation of my inalienable Fourth Amendment rights, substantive due process rights to life, liberty and property, and right to remain free from government interference without sufficient grounds by threat of force under color of law.

2) On November 25, 2022, at 8:35AM, Defendant Mark Sheremeta presented the case to Assistant District Attorney Stephanie Krueger, and it appeared on the examination that no offense

of any kind had been committed, that there was not probable cause for charging me, and the prosecution was terminated, thirty hours and twenty minutes (30:20:00) post illegal entry, arrest, and seizure outside of Milwaukee Police jurisdiction.

3) At the time of the illegal entry, warrantless arrest, kidnapping and false imprisonment, I was employed as a Mechanic by Wisconsin Auto and owner-operator of Barabbas at a salary of $1,500.00 per week, and because of the illegal arrest and illegally initiated proceedings lost my employment and have since not been able to find or obtain any other, I was detained from attending to business affairs, was injured in my reputation and credit, suffered great mental distress, deprivation of rights, pain of body, humiliation, anguish of mind and spirit, and did expend the sum of $13,128.00 in costs, expenses, and counsel fees, lost insurance coverage and wages in the sum of $252,000.00 and counting, all to my damage in the sum total of $3,765,128.00 for the violation of my rights, loss of employment, and unlawful deprivation of liberty etc.

4) I have suffered irreparable harm and great hardship at the hands of the Defendants through their violation of my fundamental constitutional rights that has resulted in pain, suffering, and even the risk of my and my mother's death and/or permanent injury. I know the violation of a fundamental constitutional right constitutes irreparable harm, even if temporary, based on researching *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and *Jones "El v. Berge,* 164 F.Supp.2d 1096 (U.S. Dist. Ct. W.D. WI) etc.

5) I am unsure why the Defendants violated my rights this way, but have logically deduced it was a mixture of an over-zealous desire to "get the bad guy" at any cost, lack of training and education regarding Constitutional Law and the Fourth Amendment, inculcation into the "believe all women" mindset, lack of comprehension regarding jurisdiction and lawful authority, carrying out what has clearly become a customary practice within the MPD, and simple overreaction.

6) I have suffered irreparable harm and will not be made whole by a mere award of damages at the end of the trial because the harm caused at the Defendants' hands resulted in a profound loss of liberty, violation of numerous fundamental constitutional rights, unlawful separation from family, inability to breathe fresh air or feel sunlight due to inhumane prison conditions, missing my Uncle Joe's final days and funeral, inability to go to church, adhere to my strict diet and exercise routine, the denial of the comforts of my own home, and unlawful restraint from the enjoyment of freedoms that remained unrestricted by the conditions of supervision that have collectively caused

severe emotional, mental, and spiritual trauma and anguish, all on top of the substantial economic harm caused. This irreparable harm continues and is compounded by my false imprisonment.

7) The Milwaukee Police broke the law and deprived me of my rights on November 24, 2022 by conducting an unreasonable and illegal warrantless in-home arrest via subterfuge, entering my home by threat of force without a prior demonstration of both probable cause and exigent circumstances, without valid and unanimous consent to entry, and by conducting the unlawful seizure in the City of Greenfield, clearly outside Milwaukee Police jurisdiction.

8) Milwaukee Officer-Defendants' actions were carried out in the absence of lawful authority in the City of Greenfield sans warrant, both probable cause and exigency, valid consent, and at gunpoint, violating my substantive due process rights because the interference and conduct is and was so arbitrary and irrational that, when the Court considers all the circumstances, it shocks the conscience. I have suffered grave hardship and irreparable harm at the hands of the Defendants.

9) I know probable cause is not and cannot be an "absolute defense" because immunity depends on the totality of circumstances. This is especially true where officers are operating outside their jurisdiction, i.e., without lawful authority, and where exigent circumstances do not exist, were not demonstrated prior to entry or were created merely by the officers' investigation or as a means to gain entry by subterfuge, and where officers had more than enough time to acquire a warrant if probable cause truly existed, as happened here. This conduct offends basic Constitutional Law, violates my clearly established Constitutional Rights, and demonstrates extrajudicial acts were performed by the Defendants that do not amount to legal process. I was deprived of my rights.

10) Probable cause does not bestow lawful authority upon officers automatically. I know this because my ex-wife, Melissa Anne Behling, was a Military Police officer, my twin brother, Garret O'Boyle, is a former Waukesha Police officer and current FBI agent, and I have researched and studied the Constitution, Bill of Rights, common law practices, police procedure, and historical accounts – stretching back to the Code of Hammurabi, Magna Carta etc. – of the issuance of warrants, writs, and other legal practices for nearly two decades. "Lawful authority," describes whether the officer's actions are conducted in accordance with the law and requires that police conduct be in compliance with both the Federal and State Constitutions, in addition to any applicable statutes. The Defendants clearly violated and deprived me of my clearly established fundamental Constitutional Rights on November 24, 2022 by entering the City of Greenfield sans warrant, Milwaukee County Sheriff or Greenfield Police escort, without prior demonstration of

both probable cause and exigent circumstances, and by forcibly entering my home without consent, by subterfuge and at gunpoint, undeniably kidnapping and falsely imprisoning me under color of law. This is a clear violation of my substantive due process rights' protection against arbitrary government actions, regardless of the fairness of the procedures used to implement them.

11) Probable cause is not a warrant and cannot take the place of one for arrest and seizure inside the home in the absence of exigent circumstances, and those must be demonstrated prior to action and entry and cannot be the result of investigation or of the officer's own making. I know these facts based on my research of: *Payton v. New York,* 445 U.S. 573, 100 S.Ct.1371; *Welsh v. Wisconsin,* 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732; *Laasch v. State,* 84 Wis.2d 587, 267 N.W.2d 278; *State v. Smith,* 131 Wis.2d 220, 235, 388 N.W.2d 601 (1986); *State v. Kryzaniak,* 241 Wis.2d 358, 624 N.W.2d 389 (2001); *State v. Young,* 2006 WI 98, ¶76, 294 Wis.2d 1, 717 N.W.2d 729; *State v. Guard,* 2012WI App 8, ¶30, 338 Wis.2d 385, 808 N.W.2d 718 (2011) ("the government cannot justify a search on the basis of exigent circumstances that are of the law enforcement officers' own making"); *State v. Hay,* 392 Wis.2d 845, 946 N.W.2d 190 etc. The Defendants' actions on November 24, 2022, unreasonably carried out within the City of Greenfield and inside my home sans warrant, probable cause and exigent circumstances, and without valid consent by subterfuge and threat of force, clearly violated the law and my Constitutional Rights.

12) If the Defendants claim the entry and arrest was valid pursuant to *Act 79*, this defense would fail because *Act 79* applies only to *reasonable* searches and does not obviate the need for an arrest warrant, cannot be arbitrarily and capriciously abused in order to effectuate a warrantless entry and arrest inside one's dwelling, and cannot be employed as a subterfuge to gain entry to arrest, especially outside of the Defendant-Officers' jurisdiction. The Defendants' acts violated clearly established Constitutional Rights and *Wis. Stats. §§ 302.043(4), 940.30, 940.31(1)(a)(b)(c),* and *946.12(1)(2)(3),* as well as my rights secured by the Fourth Amendment and Article 1, §11 of the Wisconsin Constitution.

13) Under the Fourth Amendment, an exigent circumstance is needed for a warrantless entry into one's home regardless of the strength of the probable cause to arrest or the existence of a statute authorizing the arrest. (*Payton v. New York,* 445 U.S. 573, 100 S.Ct.1371; *People v. Torres,* 205 Cal.App.4[th] 989, 140 Cal.Rptr.3d 788, 12 Cal. Daily Op. Serv. 4890 etc.). Being on probation, parole, or extended supervision is not an exigent circumstance that can be claimed, the Defendants never demonstrated any true exigency prior to the unlawful entry and instead invented their own, probable cause can never be assumed merely because someone is on supervision etc. - as that

assumption abrogates our individual substantive due process rights, relieves the police of the "heavy burden...to demonstrate an urgent need"(*Id.* 466 U.S. at 750), and obviates the requirement for a judicially determined warrant - on top of being unreasonable, unfair, and unconstitutional, and Defendants never obtained or demonstrated probable cause at any time. People have rights, regardless of probation/supervision status. The Defendants clearly violated my rights by illegal entry, use of excessive force, and execution of arrest without a warrant, without both probable cause and prior demonstration of valid exigent circumstances, and by arresting me inside my home at gunpoint in the City of Greenfield, outside of Milwaukee Police jurisdiction.

14) An officer may have probable cause, but still lack lawful authority to take any action until a judicially determined warrant is issued, esp. in a different jurisdiction or city. The warrant itself "warrants" or bestows lawful authority upon the officer to take action and an arrest warrant "will suffice to interpose the magistrate's determination of probable cause between the zealous officer and the citizen." *Id.* 445 U.S. at 602. This was needed here, especially since the Defendants' interest was supposedly only to investigate unfounded claims made by an intoxicated woman and the presumption of unreasonableness of a warrantless intrusion is difficult to rebut in that case, and the government usually should be allowed to make such arrest only with a warrant issued upon probable cause by a neutral and detached magistrate. *Id.* 466 U.S. at 751. Based on the facts averred, the Defendants' actions violated my Fourth Amendment rights under color of law, were unreasonable and done without lawful authority. After all, "When an officer undertakes to act as his own magistrate, he ought to be in a position to justify it by pointing to some real immediate and serious consequences if he postponed action to get a warrant." *Id.* At 460, 69 S.Ct. 196 (footnote omitted). This never happened and the Defendants never obtained or demonstrated probable cause.

15) The Defendants' actions on November 24, 2022 fulfill the statutory definition and requirements of kidnapping and false imprisonment by threat of force, per *Wis. Stat. §§940.30; 940.31(1)(a)(b)(c)*, while the Defendants deprived me of my substantive due process rights of property and liberty arbitrarily under color of law, i.e. without warrant of any kind. There is no excuse for these serious felony actions carried out by the Defendant-Officers and *18 U.S.C. §242* is very clear about the seriousness of such acts. ("...if such acts include kidnapping or an attempt to kidnap...[the perpetrator] shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.") The Defendants' violation of my rights has caused irreparable harm and I am never going to be made whole, even by an award of damages or other relief at the end of this action. The damage done by Defendants' actions is permanent.

16) It is black letter law that a Constitutional violation is an unlawful act. *See, e.g.,* **Segura v. United States,** 468 U.S. 796, 829, 104 S.Ct. 3380 (referring to Fourth Amendment violations as illegal conduct); **State v. Smith,** 131 Wis.2d 220, 235, 388 N.W.2d 601 (1986) (Stating that an arrest in violation of the State or Federal Constitution is unlawful); **City of Milwaukee v. Kilgore,** 193 Wis.2d 168, 189, 532 N.W.2d 690 (1995) (noting that a use of police power in violation of due process is unlawful.). In order to have "lawful authority," the officer's actions must be conducted in accordance with law. Here, the Milwaukee Police broke the law and deprived me of my rights by conducting an unreasonable and illegal warrantless in-home arrest via subterfuge, entering my home by threat of force without a prior demonstration of both probable cause and exigent circumstances, without valid and unanimous consent to entry, and by conducting the unlawful seizure in the City of Greenfield, outside Milwaukee Police jurisdiction. These actions fulfill the statutory definition and requirements of kidnapping and false imprisonment by threat of force while the officers operated under color of law outside their jurisdiction. The government did not acquire jurisdiction in the proceedings that led up to entry of the judgment or demonstrate probable cause to hold me in custody, proving I remain falsely imprisoned. *18 U.S.C. §242*

17) I am falsely imprisoned because I was arrested without legal process via subterfuge based on fabricated exigent circumstances of the officer's own making. Ofc. Mark Sheremeta et al. acted without lawful authority outside Milwaukee Police jurisdiction when entering the City of Greenfield sans warrant of any kind, without Sheriff or Greenfield Police escort and a probation officer, without specific consent, and without a demonstration of a valid exigency prior to the entry. Defendant Sheremeta, leading the other Defendants, entered the City of Greenfield under color of State law and came onto my property and into my home with a loaded M-16 series rifle at the "high-ready" position, unlawfully entering the home without warrant or valid consent while asserting authority to search and seize that he did not have by threat of force, failing to demonstrate both probable cause and a valid exigency of any kind. The officer pounded on the door until my Mother, Kathleen A. O'Boyle, answered and, showing reckless and wanton disregard for our safety, property rights, and liberty interests, through an unreasonable failure to ask specific consent to enter, search, seize, etc., forced his way into the home rifle first while shouting nonsense about "guns in the basement," creating an exigency when he was to be conducting an investigation. The entry and arrest were entirely illegal and unreasonable, done in violation of the State and Federal Constitutions, in violation of both of our due process rights, and shows the State never acquired personal jurisdiction legally. The subsequent detention and revocation does not somehow cure the taint, excuse officers' felonious behavior in kidnapping and

6

Case 2:24-cv-00895-JPS    Filed 03/27/25    Page 6 of 10    Document 72

false imprisonment by threat of force under color of law, and does not extinguish my Fourth Amendment claim, nor abate the seriousness of these shocking and criminal Constitutional Rights violations because probable cause to detain was never determined at anytime.

18) Based on knowledge and experience gained from a previous Civil Rights action that included researching *State v. Munroe,* 244 Wis.2d 1, 630 N.W.2d 223 in depth, I know that a non-objected-to warantless entry by law enforcement officers into living quarters is entry demanded under color of office and is thus granted in submission to authority, rather than as an understanding and intentional waiver of a constitutional right. The Defendants deceptively implied that they had lawful authority to enter and search the residence and conduct a warantless felony arrest inside the home, barging into the home with a rifle, demanding entry under color of law by force, failing to request and obtain freely and voluntarily given consent to search by insinuating they had lawful authority by threat of force and at gunpoint, with full-knowledge they were operating in the City of Greenfield, well outside Milwaukee Police jurisdiction. There is no excuse for these felony actions that deprived me of my rights by threat of force at gunpoint.

19) The Defendants failed to ask for and obtain consent in any way, shape, or form prior to entry of my home, entering by force through abuse of authority, office, and procedure, were not operating pursuant to a pre-established Mutual Aid Agreement or with prior authorization from the Greenfield Police Chief or designated representative, as outlined in *Milwaukee Police Department Standard Operating Procedure 230* ("*SOP 230*") and *Wis. Stat. §175.40(5)(d)(6)(a)(6m)*, were not responding to an emergency situation that posed a significant threat to life or of bodily harm as required by *§175.40(6)(a)*, were not conducting a joint operation with any other law enforcement agency per *§175.40(5)(d) 1-4*, and never obtained a judicially determined warrant, probation warrant, Order to Detain/hold for the purposes of arrest or demonstrated both probable cause and exigent circumstances prior to the unreasonable and unlawful entry and arrest November 24, 2022, violating my clearly established Constitutional Rights.

20) Defendants Nash Dathe, Juan Garcia, Nathan Locicero, Shawn Humitz, and Ana Romero-Perez, violated my Fourth, Fifth, Sixth, Eighth, and 14th Amendment Rights on November 24, 2022, by failing to intervene or attempt to stop Defendant Mark Sheremeta from violating my rights, breaking the law and committing numerous felonies, by failing to adhere to basic Fourth Amendment procedure, *SOP 230,* and *Wis. Stat. §175.40(5)(d)(6)(a)(6m)* by failing to stop false arrest and excessive use of force outside their jurisdiction, i.e., arrest made without legal authority under non-exigent circumstances, or even question whether they had lawful authority or not. These

Defendants blindly followed their over-zealous leader, Defendant Sheremeta, failing in their duty to protect my Constitutional Rights, adhere to their oath of office, or display an ounce of honesty and integrity by mustering the fortitude to question their blatantly illegal actions that violated my clearly established Constitutional rights on November 24, 2022.

21) I was arrested without legal process, i.e., without any warrant, via subterfuge based on false exigent circumstances of the officer's own making inside my home at 4715 W. Howard Avenue in the City of Greenfield by Defendant-Officers from the City of Milwaukee on November 24, 2022. My Fourth Amendment claim stands following my illegal warrantless and wholly unreasonable in-home arrest conducted outside of the Defendants' jurisdiction without lawful authority or probable cause. The "mere fact that legal process has gone forward does not extinguish a detainee's Fourth Amendment claim or somehow convert that claim into one founded on the Due Process Clause." *Manuel v. City of Joliet, III,* 580 U.S. 357, 137 S.Ct. 911. *See Wallace v. Kato,* 549 U.S. 384, 389, 1275 S.Ct. 1091 (2007) (explaining that the seizure of a person was "without legal process" because police officers "did not have a warrant for his arrest."). I remain falsely imprisoned.

22) The Defendants performing backup according to the Dispatch Records knew or reasonably should have known there was no exigency or emergency situation presented justifying extra-jurisdictional warrantless entry into a different city and subsequent search and arrest in my home, were not conducting a joint operation pursuant to a Mutual Aid Agreement between 12:46am and 2:15am with the Greenfield Police Department, Milwaukee Sheriff's Office, or probation and parole, and lacked prior authorization to operate outside their jurisdiction.

23) Under the circumstances known to the Defendants at the time of the non-exigent extra-jurisdictional warrantless and nonconsensual in-home arrest at gunpoint, no reasonable official could claim ignorance of the Fourth Amendment to the United States Constitution, Art. I, §11 of the Wisconsin Constitution, the history and case law regarding the circumstances confronting them November 24, 2022, and fail to understand what they were doing and/or failing to do violated my clearly established Constitutional Rights, esp. in light of the extensive and well-established or pre-existing law. The unlawfulness of Defendants' actions was apparent.

24) Under the circumstances known to the Defendants on November 24, 2022, between 12:46 and 2:15am, no reasonable official or law enforcement officer could claim, feign ignorance of or fail to understand that they had a duty to intervene to prevent false arrest and excessive use of force while operating outside of their jurisdiction sans warrant or consent, and that their actions

and inactions, failures and omissions violated my clearly established rights secured by the Fourth Amendment to the United States Constitution and Art. I, §11 of the Wisconsin Constitution.

25) Defendant Kristopher Maduscha failed to intervene at District 6 Milwaukee Police Department after being informed of the circumstances of my arrest and merely stated, "the case is going to be 'no processed,'" rather than inform the shift supervisor, lieutenant, or superior officer that I was the victim of an extra-jurisdictional warrantless in-home arrest under non-exigent circumstances at nighttime, by threat of force, excessive use of force, and assault with a deadly weapon, since I was unreasonably arrested at gunpoint, all precipitated by an illegal, non-exigent entry into the City of Greenfield and a warrantless and nonconsensual entry and search of the curtilage of my home in the absence of probable cause, in obvious violation of my clearly established Constitutional rights and well-settled law.

26) The record clearly demonstrates the Defendants never had probable cause based on exigent circumstances derived from a reasonably credible and trustworthy witness or victim because the alleged victim/witness was admittedly intoxicated, told officers she was dumped, claimed she was "in love" with me - making her seem like the proverbial "woman scorned" - and recounted an incredible story about being forcibly thrown from a moving vehicle, a lifted quarter-ton pick-up truck, by a man in a motorcycle gang, who does not own a motorcycle according to DOT records, who allegedly had "guns in the basement," failing to describe the guns specifically and their exact location, when she saw them etc., all while showing no obvious signs of serious injury, refusing treatment from the Milwaukee Fire Department, and while acting completely unhinged. If the Defendants had probable cause based on these facts, there was plenty of time to obtain an arrest warrant or Order to Detain since the circumstances were not exigent in any way, shape or form.

27) The Defendants, through abuse of discretion, process, and law, by their acts, omissions, and failure to act or intervene etc., violated my Fourth Amendment right to be free from unreasonable search and seizure that prohibits the police from making warrantless and nonconsensual entry into a suspect's home in order to make a routine arrest, even for a felony, and even with probable cause. (*See Hawkins v. Mitchell,* 756 F.3d 983 (7th Cir. 2014)).

28) Defendants lacked probable cause based on exigent circumstances to enter my home to investigate the alleged dispute and battery between me and T.F., and thus their conducting an arrest after entering my home violated my Fourth Amendment right to be free from unreasonable search and seizure. (*See Hawkins v. Mitchell,* 756 F.3d 983 (7th Cir. 2014)).

9
Case 2:24-cv-00895-JPS    Filed 03/27/25    Page 9 of 10    Document 45

29) The Defendants never mentioned or posited what emergency or which one of the few, specifically established, and well-delineated warrant requirement exceptions or exigent circumstances existed to accommodate the supposed extraordinary situation where the needs of the Defendants were so compelling that warrantless search of my home November 24, 2022 was objectively reasonable.

I further move the Court to amend the caption to include the names of the "John Doe Defendants" as listed above. Their names are as follows: Nash Dathe; Juan Garcia; Nathan Locicero; Shawn Humitz. Defendants' names were discovered when Defense Counsel, Attorney Clint B. Muche, served Defendants' Initial Disclosures upon me by mail that were received December 4, 2024. The name of Defendant Shawn Humitz was discovered on January 30, 2025 after I perused the MPD dispatch records following receipt of correspondence from defense counsel requesting that I voluntarily remove Alan Carsky from this case, but in which he failed to disclose Shawn Humitz's name. Let the record reflect that I counted the Officer-Defendants when they illegally arrested me inside my home at gunpoint and then forcibly, under duress and via coercion, took me from my home and put me into a police vehicle while outside their jurisdiction.

I am suing for a violation of federal law under *28 U.S.C. §1331*. I demand $3,765,128.00 for actual or compensatory damages, Civil Rights damages, loss of past and future earnings, pain, suffering, and mental anguish, anxiety, depression, loss of sleep, and past and future impairment of my ability to enjoy life, pursuant to my assault and kidnapping at gunpoint and continued false imprisonment, as well as $120,000.00 in punitive damages ($20,000 each Defendant), that the Court consider treble damages for the shockingly unreasonable acts of vigilantism carried out by the Defendants in their individual and official capacities in the absence of probable cause or sufficient grounds that deprived me of my substantive due process rights to life, liberty, and property and my Fourth Amendment Rights illegally, or grant reimbursement for actual damages and any other relief the Court deems adequate, reasonable, and just according to the circumstances.

Signed under penalty of perjury this ___ day of ___March___, 2024.    Humbly Submitted,

Ryan P. O'Boyle