RYAN P. O'BOYLE,

                    Plaintiff,

v.                                                         Case No. 24-CV-895

MARK SHEREMETA, et al.

                    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

NOW COME Defendants, SHEREMETA, ROMERO-PEREZ, MADUSCHA, DATHE, LOCICERO, and HUMITZ (the "Responding Defendants") by their attorney, Evan C. Goyke, City Attorney, represented by Assistant City Attorney Clint B. Muche, and, as and for their answer to the Plaintiff's Second Amended Complaint, admit, deny, allege, and state as follows:

1. On November 24, 2022, Defendants Mark Sheremeta, Ana Romero-Perez, Nash Dathe, Juan Garcia, Nathan Locicero, and Shawn Humitz unlawfully and maliciously operated outside Milwaukee Police jurisdiction in the absence of exigency and a Mutual Aid Agreement, arresting me at about 2:15AM inside my residence at 4715 W. Howard Avenue in the City of Greenfield, Wisconsin, without any reasonable or probable cause, demonstration of probable cause and exigent circumstances prior to entry of the City of Greenfield or the curtilage of my home to perform a warrantless and nonconsensual search, and finally entered my home without any writ, warrant, or legal process, sans valid, express, and unanimous consent to entry, and without lawful authority, entered my property and barged into the home with a rifle, directed, caused and procured me to be seized, pulled and dragged about by force, threat of force, arms and violence, and also directed, caused and procured me to be compelled by threat of force and at gunpoint to go from my residence, in an along various streets in the Cities of Greenfield and Milwaukee, to the District 6 Police Department in the City of Milwaukee, against my will, without my consent, and by deceit, with intent to injure and cause me to be imprisoned, did lock me in jail and violate my rights, causing my imprisonment for eight hundred and ten (810) days and counting, all to my damage in the sum of $3,500,000.00 for the unreasonable and wanton deprivation of my inalienable Fourth Amendment rights, substantive due process rights to life, liberty and property, and right to remain free from government interference without sufficient grounds by threat of force under color of law.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants, excepting Defendant Maduscha, admit that Plaintiff was taken into custody on November 24, 2022 inside the residence at 4715 W. Howard Avenue in Greenfield, Wisconsin and subsequently conveyed to Milwaukee Police Department ("MPD") District 6 for booking, but deny that Plaintiff was arrested without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all Responding Defendants lack knowledge or information sufficient to form a believe as to Plaintiff's alleged damages – and therefore deny the same and put him to his proof – and, affirmatively assert that Plaintiff is currently serving the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261.

2. On November 25, 2022, at 8:35AM, Defendant Mark Sheremeta presented the case to Assistant District Attorney Stephanie Krueger, and it appeared on the examination that no offense of any kind had been committed, that there was not probable cause for charging me, and the prosecution was terminated, thirty hours and twenty minutes (30:20:00) post illegal entry, arrest, and seizure outside of Milwaukee Police jurisdiction.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants admit, based on information and belief, that a charging conference was held at the date and time specified and involving the parties named, but deny that a final charging decision was made earlier than November 26, 2022, and further deny the remaining allegations and/or conclusions in this paragraph, including that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of

2

improper or unlawful conduct on their part or the part of any other officer present that they observed.

3. At the time of the illegal entry, warrantless arrest, kidnapping and false imprisonment, I was employed as a Mechanic by Wisconsin Auto and owner-operator of Barabbas at a salary of $1,500.00 per week, and because of the.illegal arrest and illegally initiated proceedings lost my employment and have since not been able to find or obtain any other, I was detained from attending to business affairs, was injured in my reputation and credit, suffered great mental distress, deprivation of rights, pain of body, humiliation, anguish of mind and spirit, and did expend the sum of $13,128.00 in costs, expenses, and counsel fees, lost insurance coverage and wages in the sum of $252,000.00 and counting, all to my damage in the sum total of $3,765, 128.00 for the violation of my rights, loss of employment, and unlawful deprivation of liberty etc.

**RESPONSE:** This paragraph contains multiple allegations. The Responding Defendants, excepting Defendant Maduscha, deny that Plaintiff was arrested without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all Responding Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding Plaintiff's income, prior or current employment, costs and expenses, and/or total claimed damages and therefore deny the same and put Plaintiff to his proof; all Responding Defendants affirmatively assert that Plaintiff is currently serving the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261.

4. I have suffered irreparable harm and great hardship at the hands of the Defendants through their violation of my fundamental constitutional rights that has resulted in pain, suffering, and even the risk of my and my mother's death and/or permanent injury. I know the violation of a fundamental constitutional right constitutes irreparable harm, even if temporary, based on researching **Elrod Y. Burns**, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) and **Jones "El v. Berge,** 164 F.Supp.2d 1096 (U.s. Dist. Ct. W.D. WI) etc.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the

3

Responding Defendants, excepting Defendant Maduscha, deny that Plaintiff was arrested without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all Responding Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding the specific harms Plaintiff asserts and therefore deny the same and put Plaintiff to his proof; all Responding Defendants affirmatively assert that Plaintiff is currently serving the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261.

5. I am unsure why the Defendants violated my rights this way, but have logically deduced it was a mixture of an over-zealous desire to "get the bad guy" at any cost, lack of training and education regarding Constitutional Law and the Fourth Amendment, inculcation into the "believe all women" mindset, lack of comprehension regarding jurisdiction and lawful authority, carrying out what has clearly become a customary practice within the MPD, and simple overreaction.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that Plaintiff was arrested without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all Responding Defendants affirmatively assert that Plaintiff is currently serving the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261.

4

6. I have suffered irreparable harm and will not be made whole by a mere award of damages at the end of the trial because the harm caused at the Defendants' hands resulted in a profound loss of liberty, violation of numerous fundamental constitutional rights, unlawful separation from family, inability to breathe fresh air or feel sunlight due to inhumane prison conditions, missing my Uncle Joe's final days and funeral, inability to go to church, adhere to my strict diet and exercise routine, the denial of the comforts of my own home, and unlawful restraint from the enjoyment of freedoms that remained unrestricted by the conditions of supervision that have collectively caused severe emotional, mental, and spiritual trauma and anguish, all on top of the substantial economic harm caused. This irreparable harm continues and is compounded by my false imprisonment.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that Plaintiff was arrested without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all Responding Defendants lack knowledge or information sufficient to form a belief as to the truth of the matters asserted regarding the specific harms Plaintiff asserts and therefore deny the same and put Plaintiff to his proof; all Responding Defendants affirmatively assert that Plaintiff is currently serving the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261.

7. The Milwaukee Police broke the law and deprived me of my rights on November 24, 2022 by conducting an unreasonable and illegal warrantless in-home arrest via subterfuge, entering my home by threat of force without a prior demonstration of both probable cause and exigent circumstances, without valid and unanimous consent to entry, and by conducting the unlawful seizure in the City of Greenfield, clearly outside Milwaukee Police jurisdiction.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that Plaintiff they arrested

5

without probable cause and/or without territorial jurisdiction and/or that they were present inside the residence without consent and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest.

8. Milwaukee Officer-Defendants' actions were carried out in the absence of lawful authority in the City of Greenfield sans warrant, both probable cause and exigency, valid consent, and at gunpoint, violating my substantive due process rights because the interference and conduct is and was so arbitrary and irrational that, when the Court considers all the circumstances, it shocks the conscience. I have suffered grave hardship and irreparable harm at the hands of the Defendants.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all Responding Defendants affirmatively assert that Plaintiff is currently serving the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261.

9. I know probable cause is not and cannot be an "absolute defense" because immunity depends on the totality of circumstances. This is especially true where officers are operating outside their jurisdiction, i.e., without lawful authority, and where exigent circumstances do not exist, were not demonstrated prior to entry or were created merely by the officers' investigation or as a means to gain entry by subterfuge, and where officers had more than enough time to acquire a warrant if probable cause truly existed, as happened here. This conduct offends basic Constitutional Law, violates my clearly established Constitutional Rights, and

6

demonstrates extrajudicial acts were performed by the Defendants that do not amount to legal process. I was deprived of my rights.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all Responding Defendants affirmatively assert that Plaintiff is currently serving the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261.

10. Probable cause does not bestow lawful authority upon officers automatically. I know this because my ex-wife, Melissa Anne Behling, was a Military Police officer, my twin brother, Garret O'Boyle, is a former Waukesha Police officer and current FBI agent, and I have researched and studied the Constitution, Bill of Rights, common law practices, police procedure, and historical accounts stretching back to the Code of Hammurabi, Magna Carta etc. of the issuance of warrants, writs, and other legal practices for nearly two decades. "Lawful authority," describes whether the officer's actions are conducted in accordance with the law and requires that police conduct be in compliance with both the Federal and State Constitutions, in addition to any applicable statutes. The Defendants clearly violated and deprived me of my clearly established fundamental Constitutional Rights on November 24, 2022 by entering the City of Greenfield sans warrant, Milwaukee County Sheriff or Greenfield Police escort, without prior demonstration of both probable cause and exigent circumstances, and by forcibly entering my home without consent, by subterfuge and at gunpoint, undeniably kidnapping and falsely imprisoning me under color of law. This is a clear violation of my substantive due process rights' protection against arbitrary government actions, regardless of the fairness of the procedures used to implement them.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff

7

without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all Responding Defendants affirmatively assert that Plaintiff is currently serving the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261.

11. Probable cause is not a warrant and cannot take the place of one for arrest and seizure inside the home in the absence of exigent circumstances, and those must be demonstrated prior to action and entry and cannot be the result of investigation or of the officer's own making. I know these facts based on my research of: **Payton v. New York**, 445 U.S. 573, 100 S.Ct.1371, **Welsh *v.*Wisconsin**, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732; **Laasch v. state**, 84 Wis.2d 587, 267 N.W.2d 278; **State v, Smith**, 131 Wis.2d 220, 235, 388 N.W.2d 601 (1986); **State v. Kryzaniak**, 241 Wis.2d 358, 624 N.W.2d 389 (2001); **State v. Young**, 2006 WI 98, ¶76, 294 Wis.2d 1, 717 N.W.2d 729; **State v. Guard**, 2012W1 App 8, ¶30, 338 Wis.2d 385, 808 N.W.2d 718 (2011) ("the government cannot justify a search on the basis of exigent circumstances that are of the law enforcement officers' own making"); **State v. Hay**, 392 Wis.2d 845, 946 N.W.2d 190 etc. The Defendants' actions on November 24, 2022, unreasonably carried out within the City of Greenfield and inside my home sans warrant, probable cause and exigent circumstances, and without valid consent by subterfuge and threat of force, clearly violated the law and my Constitutional Rights.

**<u>RESPONSE:</u>** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest.

12. If the Defendants claim the entry and arrest was valid pursuant to Act 79, this defense would fail because Act 79 applies only to reasonable searches and does not obviate the need for an arrest warrant, cannot be arbitrarily and capriciously abused in order to effectuate a warrantless entry and arrest inside one's dwelling, and cannot be employed as a subterfuge to gain entry to arrest, especially outside of the Defendant-Officers' jurisdiction. The Defendants' acts violated clearly established Constitutional Rights and Wis. Stats. §§ 302.043(4), 940.30, 940,31(1)(a)(b)(c), and 946.12(1)(2)(3), as well as my rights secured by the Fourth Amendment and Article 1, § 1 1 of the Wisconsin Constitution.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest.

13. Under the Fourth Amendment, an exigent circumstance is needed for a warrantless entry into one's home regardless of the strength of the probable cause to arrest or the existence of a statute authorizing the arrest, (Payton v. New York, 445 U.S. 573, 100 S.Ct.1371•, People v. Torres, 205 Cal.App.4[th] 989, 140 Cal.Rptr.3d 788, 12 Cal. Daily Op. Serv. 4890 etc.). Being on probation, parole, or extended supervision is not an exigent circumstance that can be claimed, the Defendants never demonstrated any true exigency prior to the unlawful entry and instead invented their own, probable cause can never be assumed merely because someone is on supervision etc. - as that assumption abrogates our individual substantive due process rights, relieves the police of the "heavy burden...to demonstrate an urgent need"(ld. 466 U.S. at 750), and obviates the requirement for a judicially determined warrant - on top of being unreasonable, unfair, and unconstitutional, and Defendants never obtained or demonstrated probable cause at any time. People have rights, regardless of probation/supervision status. The Defendants clearly violated my rights by illegal entry, use of excessive force, and execution of arrest without a warrant, without both probable cause and prior demonstration of valid exigent circumstances, and by arresting me inside my home at gunpoint in the City of Greenfield, outside of Milwaukee Police jurisdiction.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest.

14. An officer may have probable cause, but still lack lawful authority to take any action until a judicially determined warrant is issued, esp. in a different jurisdiction or city. The warrant itself "warrants" or bestows lawful authority upon the officer to take action and an arrest warrant "will suffice to interpose the magistrate's determination of probable cause between the zealous officer and the citizen." ltd. 445 U.S. at 602. This was needed here, especially since the Defendants' interest was supposedly only to investigate unfounded claims made by an intoxicated woman and the presumption of unreasonableness of a warrantless intrusion is difficult to rebut in that case, and the government usually should be allowed to make such arrest only with a warrant issued upon probable cause by a neutral and detached magistrate. Id. 466 U.S. at 751. Based on the facts averred, the Defendants' actions violated my Fourth Amendment rights under color of law, were unreasonable and done without lawful authority. After all, "When an officer undertakes to act as his own magistrate, he ought to be in a position to justify it by pointing to some real immediate and serious consequences if he postponed action to get a warrant." Id, At 460, 69 S.Ct. 196 (footnote omitted). This never happened and the Defendants never obtained or demonstrated probable cause.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a

claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all responding Defendants affirmatively assert that Plaintiff has been held pursuant to the sentence imposed in Milwaukee Circuit Case No. 2011-CF-3261 beginning, at latest, at 3:07 a.m. on November 24, 2022.

15. The Defendants' actions on November 24, 2022 fulfill the statutory definition and requirements of kidnapping and false imprisonment by threat of force, per Wis. Stat. §§940,30; 940.31(1)(a)(b)(c), while the Defendants deprived me of my substantive due process rights of property and liberty arbitrarily under color of law, i.e. without warrant of any kind. There is no excuse for these serious felony actions carried out by the Defendant-Officers and 18 U.S.C. §242 is very clear about the seriousness of such acts. ..if such acts include kidnapping or an attempt to kidnap...[the perpetrator] shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.") The Defendants' violation of my rights hay caused irreparable harm and I am never going to be made whole, even by an award of damages or other relief at the end of this action. The damage done by Defendants' actions is permanent.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest.

16. It is black letter law that a Constitutional violation is an unlawful act. See, e.g., **Segura v. United States,** 468 U.S. 796, 829, 104 S.Ct. 3380 (referring to Fourth Amendment violations as illegal conduct); **State v. Smith**, 131 Wis.2d 220, 235, 388 N.W.2d 601 (1986) (Stating that an arrest in violation of the State or Federal Constitution is unlawful; **City of Milwaukee v. Kilgore**, 193 Wis.2d 168, 189, 532 N.W.2d 690 (1995) (noting that a use of police power in violation of due process is unlawful.). In order to have "lawful authority," the officer's actions must be conducted in accordance with law. Here, the Milwaukee Police broke the law and deprived me of my rights by conducting an unreasonable and illegal

warrantless in-home arrest via subterfuge, entering my home by threat of force without a prior demonstration of both probable cause and exigent circumstances, without valid and unanimous consent to entry, and by conducting the unlawful seizure in the City of Greenfield, outside Milwaukee Police jurisdiction. These actions fulfill the statutory definition and requirements of kidnapping and false imprisonment by threat of force while the officers operated under color of law outside their jurisdiction. The government did not acquire jurisdiction in the proceedings that led up to entry of the judgment or demonstrate probable cause to hold me in custody, proving I remain falsely imprisoned. 18 U.S.C §242.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all responding Defendants affirmatively assert that Plaintiff has been held pursuant to the sentence imposed in Milwaukee Circuit Case No. 2011-CF-3261 beginning, at latest, at 3:07 a.m. on November 24, 2022.

17. I am falsely imprisoned because I was arrested without legal process via subterfuge based on fabricated exigent circumstances of the officer's own making. Ofc. Mark Sheremeta et al. acted without lawful authority outside Milwaukee Police jurisdiction when entering the City of Greenfield sans warrant of any kind, without Sheriff or Greenfield Police escort and a probation officer, without valid consent, and without a demonstration of a valid exigency prior to the entry. Defendant Sheremeta, leading the other Defendants, entered the City of Greenfield under color of State law and came onto my property and into my home with a loaded M-16 series rifle at the "high-ready" position, unlawfully entering the home without warrant or valid consent while asserting authority to search and seize that he did not have by threat of force, failing to demonstrate both probable cause and a valid exigency of any kind. The officer pounded on the door until my Mother, Kathleen A. O'Boyle, answered and, showing reckless and wanton disregard for our safety, property rights, and liberty interests, through an unreasonable failure to ask specific consent to enter, search, seize, etc., forced his way into the home rifle first while shouting nonsense about "guns in the basement," creating an exigency when he was to be conducting an investigation. The entry and arrest were

12

entirely illegal and unreasonable, done in violation of the State and Federal Constitutions, in violation of both of our due process rights, and shows the State never acquired personal jurisdiction legally. The subsequent detention and revocation does not somehow cure the taint, excuse officers' felonious behavior in kidnapping and false imprisonment by threat of force under color of law, and does not extinguish my Fourth Amendment claim, nor abate the seriousness of these shocking and criminal Constitutional Rights violations because probable cause to detain was never determined at anytime.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all responding Defendants affirmatively assert that Plaintiff has been held pursuant to the sentence imposed in Milwaukee Circuit Case No. 2011-CF-3261 beginning, at latest, at 3:07 a.m. on November 24, 2022.

18. Based on knowledge and experience gained from a previous Civil Rights action that included researching **State v. Munroe**, 244 Wis.2d 1, 630 N.W.2d 223 in depth, I know that a non-objected to warantless entry by law enforcement officers into living quarters is entry demanded under color of office and is thus granted in submission to authority, rather than as an understanding and intentional waiver of a constitutional right. The Defendants deceptively implied that they had lawful authority to enter and search the residence and conduct a warantless felony arrest inside the home, barging into the home with a rifle, demanding entry under color of law by force, failing to request and obtain freely and voluntarily given consent to search by insinuating they had lawful authority by threat of force and at gunpoint, with full-knowledge they were operating in the City of Greenfield, well outside Milwaukee Police jurisdiction. There is no excuse for these felony actions that deprived me of my rights by threat of force at gunpoint.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the

13

Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all responding Defendants affirmatively assert that Plaintiff has been held pursuant to the sentence imposed in Milwaukee Circuit Case No. 2011-CF-3261 beginning, at latest, at 3:07 a.m. on November 24, 2022.

19. The Defendants failed to ask for and obtain consent in any way, shape, or form prior to entry of my home, entering by force through abuse of authority, office, and procedure, were not operating pursuant to a pre-established Mutual Aid Agreement or with prior authorization from the Greenfield Police Chief or designated representative, as outlined in Milwaukee Police Department Standard Operating Procedure 230 ("SOP 230") and Wis. Stat. §175.40(5)(d)(6)(a)(6m), were not responding to an emergency situation that posed significant threat to life or of bodily harm as required by §175.40(6)(a), were not conducting a joint operation with any other law enforcement agency per §175.40(5)(d) 1-4, and never obtained a judicially determined warrant, probation warrant, Order to Detain/hold for the purposes of arrest or demonstrated both probable cause and exigent circumstances prior to the unreasonable and unlawful entry and arrest November 24, 2022, violating my clearly established Constitutional Rights.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all responding Defendants affirmatively assert that Plaintiff has been held

14

pursuant to the sentence imposed in Milwaukee Circuit Case No. 2011-CF-3261 beginning, at latest, at 3:07 a.m. on November 24, 2022.

20. Defendants Nash Dathe, Juan Garcia, Nathan Locicero, Shawn Humitz, and Ana Romero-Perez, violated my Fourth, Fifth, Sixth, Eighth, and 14 th Amendment Rights on November 24, 2022, by failing to intervene or attempt to stop Defendant Mark Sheremeta from violating my rights, breaking the law and committing numerous felonies, by failing to adhere to basic Fourth Amendment procedure, **SOP 230**, and **Wis. Stat. §175.40(5)(d)(6)(a)(6m)** by failing to stop false arrest and excessive use of force outside their jurisdiction, i.e., arrest made without legal authority under non-exigent circumstances, or even question whether they had lawful authority or not. These Defendants blindly followed their over-zealous leader, Defendant Sheremeta, failing in their duty to protect my Constitutional Rights, adhere to their oath of office, or display an ounce of honesty and integrity by mustering the fortitude to question their blatantly illegal actions that violated my clearly established Constitutional rights on November 24, 2022.

**<u>RESPONSE:</u>** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest.

21. I was arrested without legal process, i.e., without any warrant, via subterfuge based on false exigent circumstances of the officer's own making inside my home at 4715 W. Howard Avenue in the City of Greenfield by Defendant-Officers from the City of Milwaukee on November 24, 2022. My Fourth Amendment claim stands following my illegal warrantless and wholly unreasonable in-home arrest conducted outside of the Defendants' jurisdiction without lawful authority or probable cause. The "mere fact that legal process has gone forward does not extinguish a detainee's Fourth Amendment claim or somehow Convert that claim into one founded on the Due Process Clause.'**, Manuel v. City of Joliet**, 111, 580 U.S. 357, 137 S.Ct. 911. see **Wallace v, Kato**, 549 U.S. 384, 389, 1275 S.Ct. 1091 (2007) (explaining that the seizure of a person was "without legal process" because police officers "did not have a warrant for his arrest,"). I remain falsely imprisoned.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all responding Defendants affirmatively assert that Plaintiff has been held pursuant to the sentence imposed in Milwaukee Circuit Case No. 2011-CF-3261 beginning, at latest, at 3:07 a.m. on November 24, 2022.

22. The Defendants performing backup according to the Dispatch Records knew or reasonably should have known there was no exigency or emergency situation presented justifying extra-jurisdictional warrantless entry into a different city and subsequent search and arrest in my home, were not conducting a joint operation pursuant to a Mutual Aid Agreement between 12:46am and 2:15am with the Greenfield Police Department, Milwaukee Sheriff's Office, or probation and parole, and lacked prior authorization to operate outside their jurisdiction.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest; all responding Defendants affirmatively assert that Plaintiff has been held

16

pursuant to the sentence imposed in Milwaukee Circuit Case No. 2011-CF-3261 beginning, at

latest, at 3:07 a.m. on November 24, 2022.

23. Under the circumstances known to the Defendants at the time of the non-exigent extra-jurisdictional warrantless and nonconsensual in-home arrest at gunpoint, no reasonable official could claim ignorance of the Fourth Amendment to the United States Constitution, Art. I, 1 of the Wisconsin Constitution, the history and case law regarding the circumstances confronting them November 24, 2022, and fail to understand what they were doing and/or failing to do violated my clearly established Constitutional Rights, esp. in light of the extensive and well-established or preexisting law. The unlawfulness of Defendants' actions was apparent.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which

no response is required, but if response is required and as to the remainder of this paragraph: the

Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff

without probable cause and/or without territorial jurisdiction and/or that they were not lawfully

present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well

as any allegation, implication or conclusion arising from this paragraph purporting to make a

claim of improper or unlawful conduct on their part or the part of any other officer present that

they observed; Defendant Maduscha denies that he was present at the residence or participated in

Plaintiff's arrest.

24. Under the circumstances known to the Defendants on November 24, 2022, between 12:46 and 2:15am, no reasonable official or law enforcement officer could claim, feign ignorance of or fail to understand that they had a duty to intervene to prevent false arrest and excessive use of force while operating outside of their jurisdiction sans warrant or consent, and that their actions and inactions, failures and omissions violated my clearly established rights secured by the Fourth Amendment to the United States Constitution and Art. I, § 1 1 of the Wisconsin Constitution.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which

no response is required, but if response is required and as to the remainder of this paragraph: the

Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff

without probable cause and/or without territorial jurisdiction and/or that they were not lawfully

present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well

17

as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest.

25. Defendant Kristopher Maduscha failed to intervene at District 6 Milwaukee Police Department after being informed of the circumstances of my arrest and merely stated, "the case is going to be 'no processed,'" rather than inform the shift supervisor, lieutenant, or superior officer that I was the victim of an extra-jurisdictional warrantless in-home arrest under non-exigent circumstances at nighttime, by threat of force, excessive use of force, and assault with a deadly weapon, since I was unreasonably arrested at gunpoint, all precipitated by an illegal, non-exigent entry into the City of Greenfield and a warrantless and nonconsensual entry and search of the curtilage of my home in the absence of probable cause, in obvious violation of my clearly established Constitutional rights and well-settled law.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest and affirmatively asserts that Plaintiff was held pursuant to the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261 by the time he became aware.

26. The record clearly demonstrates the Defendants never had probable cause based on exigent circumstances derived from a reasonably credible and trustworthy witness or victim because the alleged victim/witness was admittedly intoxicated, told officers she was dumped, claimed she was "in love" with me - making her seem like the proverbial "woman scorned" - and recounted an incredible story about being forcibly thrown from a moving vehicle, a lifted quarter-ton pick-Up truck, by a man in a motorcycle gang, who does not own a motorcycle according to DOT records, who allegedly had "guns in the basement," failing to describe the guns specifically and their exact location, when she saw them etc., all while showing no obvious signs of serious injury, refusing treatment from the Milwaukee Fire Department, and

while acting completely unhinged. If the Defendants had probable cause based on these facts, there was plenty of time to obtain an arrest warrant or Order to Detain since the circumstances were not exigent in any way, shape or form.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest.

27. The Defendants, through abuse of discretion, process, and law, by their acts, omissions, and failure to act or intervene etc., violated my Fourth Amendment right to be free from unreasonable search and seizure that prohibits the police from making warrantless and nonconsensual entry into a suspect's home in order to make a routine arrest, even for a felony, and even with probable cause. (See Hawkins v. Mitchell, 756 F.3d 983 (7th Cir. 2014)).

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest and affirmatively asserts that Plaintiff was held pursuant to the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261 by the time he became aware.

19

28. The Defendants never mentioned or posited what emergency or which one of the few, specifically established, and well-delineated warrant requirement exceptions or exigent circumstances existed to accommodate the supposed extraordinary situation where the needs of the Defendants were so compelling that warrantless search of my home November 24, 2022 was objectively reasonable.

**RESPONSE:** This paragraph contains multiple allegations, including legal conclusions to which no response is required, but if response is required and as to the remainder of this paragraph: the Responding Defendants, excepting Defendant Maduscha, deny that they arrested Plaintiff without probable cause and/or without territorial jurisdiction and/or that they were not lawfully present inside the residence and/or that they violated Plaintiff's rights or are liable to him as well as any allegation, implication or conclusion arising from this paragraph purporting to make a claim of improper or unlawful conduct on their part or the part of any other officer present that they observed; Defendant Maduscha denies that he was present at the residence or participated in Plaintiff's arrest.

## AFFIRMATIVE DEFENSES

AS AND FOR AFFIRMATIVE DEFENSES, and upon information and belief, the Responding Defendants allege and state to the Court as follows:

1. In order to bring or maintain suit pursuant to state-law, a claimant must satisfy the pre-suit requirements of Wis. Stat. § 893.80(1d)(a) and (b). Because Plaintiff failed to do so, any state tort claim (e.g. kidnapping, false arrest) is not cognizable and must be summarily dismissed.

2. The Responding Defendants acted within the scope of their authority as public officials, their acts and/or omissions were discretionary and in response to the circumstances and/or exigent circumstances encountered, and they are therefore entitled to immunity from state claims pursuant to Wis. Stat. § 893.80(4);

20

3.     City police officers, supervisors and officials acting in good faith, without malice, and pursuant to their duties as law enforcement officers, are immune from liability pursuant to the doctrine of qualified immunity;

4.     At all times relevant to this case, Plaintiff was in the custody of the Department of Corrections pursuant to the sentence imposed in Milwaukee Circuit Court Case No. 2011-CF-3261;

5.     Plaintiff was convicted in Milwaukee Circuit Court Case No. 2011-CF-3261, and that conviction has not been overturned, vacated, reversed, expunged, or declared invalid.

6.     Pursuant to Wis. Stat. § 973.09(1d), law enforcement may search a probationer or supervisee, his or her residence, and any property under his or her control if he or she reasonably suspects that the person has committed a crime or a violation of a condition of probation;

7.     Police officers have grounds to arrest without a warrant when they have reliable information that a felony crime has been committed and Defendants Sheremeta and Romero-Perez had probable cause to believe that Plaintiff had committed a felony criminal offense and statutory authority to arrest him for the same pursuant to Wis. Stat. § 968.07;

8.     In counties with 750,000 or more citizens, any officer whose territorial jurisdiction is wholly or partially within that county has authority to arrest throughout the entire county; the Village of Greenfield and the City of Milwaukee are both within Milwaukee County; and the total population of Milwaukee County exceeds 900,000;

9.     The police force is considered as a unit. Defendants Dathe, Locicero, and Humitz acted in good faith in taking Plaintiff into custody based upon the communication from fellow officers that probable cause to arrest existed;

10.   Officers may be lawfully present inside a residence based on consent or apparent consent by a person having authority to consent and Plaintiff had a diminished expectation of privacy based on his status as a parolee on extended community supervision. The Responding Defendants, excepting Maduscha who was not present at all, were lawfully present inside the residence when Plaintiff was arrested;

11.   The Responding Defendants used objectively reasonable force in securing Plaintiff in handcuffs, escorting him outside of the residence, loading him into the transport vehicle, booking him, and maintaining him in custody.

12.   The circumstances of Plaintiff's arrest were captured by audio/video recording, and to the extent those recordings blatantly contradict Plaintiff's alleged version of events the Court need not adopt Plaintiff's story;

13.   Under the circumstances, none of these Responding Defendants had reason to suspect Plaintiff's arrest was unlawful or to intervene and/or release him.

14.   The Responding Defendants acted in good faith, without malice, and without reckless or callous indifference to Plaintiff's rights and therefore punitive damages are not available;

15.   The Department of Corrections ("DOC") issued an Order to Detain Plaintiff at or around 3:07 a.m. on November 24, 2022, and Plaintiff has been since pursuant to DOC's authority under the sentence imposed in Milwaukee County Circuit Court Case No. 2011-CF-3261;

16.   The issuance of the Order to Detain is a superseding and/or intervening cause of Plaintiff's detention;

17.  To the extent Plaintiff's claims and/or claimed damages arise from his detention after 3:07 a.m. on November 24, 2022, the same were caused by third parties and/or other factors not the responsibility of these Responding Defendants;

18.  To the extent that Plaintiff's claims and/or claimed damages arise from his detention after 3:07 a.m. on November 24, 2022, the same may not be cognizable pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny;

19.  To the extent that Plaintiff claims that Defendant Maduscha is liable for failing to intervene and release him after 3:07 a.m., Defendant Maduscha had neither reason to intervene nor a reasonable opportunity to do so insomuch as Plaintiff was held pursuant to DOC authority at that time;

20.  Any injuries and/or damages arising from Plaintiff's detention, were caused in whole or in part by Plaintiff's acts or omissions, including without limitation the violations of his conditions of release; and

21.  Plaintiff may not argue that the sentence imposed in Milwaukee County Circuit Court Case No. 2011-CF-3261 and/or his detention pursuant to the same violates his rights consistent with *Heck v. Humphrey*.

**WHEREFORE**, Defendants demands judgment as follows:

1.  Dismissing the complaint of the plaintiffs on its merits and with prejudice, together with costs and disbursements.

2.  Granting such other relief as the Court may deem just and equitable.

23

## JURY DEMAND

Defendants demand a trial by jury of all issues so triable.

Dated and signed at Milwaukee, Wisconsin this 7th day of April, 2025.

EVAN C. GOYKE
City Attorney

Address
200 East Wells Street
City Hall 800
Milwaukee, WI 53202
Tel: 414-286-2601
Fax: 414-286-8550
Email: cmuche@milwaukee.gov

s/Clint B. Muche
CLINT B. MUCHE
Assistant City Attorney
State Bar No. 1131629
*Attorneys for Defendants Sheremeta, Romero-Perez, Maduscha, Dathe, Locicero and Humitz*

## CERTIFICATE OF SERVICE ON NON-ECF PARTICIPANT

I, Clint B. Muche, herein certify that I am employed by the City of Milwaukee as an Assistant City Attorney in the Milwaukee City Attorney's Office, 200 East Wells Street, Suite 800, Milwaukee, Wisconsin; and that, on this 8th day of April, 2025, I electronically filed *DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND* and this Certificate of Service, and deposited a copy of the same into the United States mail at City Hall in the City of Milwaukee in a securely enclosed envelope, postage prepaid, addressed to:

Ryan P. O'Boyle, #593381
Milwaukee Secure Detention Facility
1015 North 10th Street
P.O. Box 05911
Milwaukee, WI 53233

s/Clint B. Muche
CLINT B. MUCHE

1032-2024-1431/297147