UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

```
U.S. District Court
Wisconsin Eastern
AUG 04 2025
FILED
Clerk of Court
```

Ryan P. O'Boyle,

    Plaintiff,

v.

Mark Sheremeta, Ana Romero-Perez,
Khristopher Maduscha, Shawn Humitz,
Nash Dathe, Nathan Locicero, Juan Garcia

    Defendants.

Case No. **24-CV-895**

**Declaration of Ryan P. O'Boyle**

I, Ryan P. O'Boyle, hereby declare that:

1. Irreconcilable differences exist between Defense Counsel, Assistant City Attorney Clint B. Muche, and I as to matters of fact recorded by Body-Worn Camera.

2. Defense Counsel has purposefully misapplied logic to the facts of this case, cited inapplicable laws, advanced claims and defenses that are unwarranted under existing law, and ignored clearly established law based on fundamental Constitutional Rights and precepts in order to defend his clients' indefensible and illegal actions.

3. Defendants and their counsel are entitled to their own opinions, not their own facts, and I will not allow Attorney Muche to hijack the narrative and inject his opinions and desires as to what he wishes the facts to be into this case in an attempt to muddle the issues, cover-up his clients' unlawful acts, and achieve victory via deceit, fraud, dishonesty, and misrepresentation.

4. Defendants failure to truthfully and fully answer or object to my discovery requests to admit has severely prejudiced me and hampered my ability to prosecute this case.

5. The discovery requests to admit are in regard to non-privileged matters that are relevant to both the Defendants' defense theory and Plaintiff's claims, proportional to the needs of the Plaintiff in this case since the issues at stake are exceedingly important, as they are based on the violation of the Plaintiff's fundamental Constitutional Rights, Plaintiff lacks resources and access to help, the Defendants' sworn answers to the requests to admit are vital to resolving the issues, and the burden or expense of the proposed discovery is far outweighed by the Plaintiff's rights, the public's interest in justice, and the prompt resolution of the case to afford the Plaintiff relief, punish the offending Defendants, and provide full and just compensation and/or restitution to the injured Plaintiff.

6. The Plaintiff's Discovery Requests and Interrogatories are his way of deposing the Defendants by written questions, per *Fed. R. Civ. P. 31*, because of the circumstances of

his false imprisonment, and are consistent with **Rule 26(b)(1)** and **(2)**.

7. There is no reason why the Defendants would evade answering these requests to admit unless they are being dishonest, trying to obscure the truth, and senselessly prolong litigation. (*see SCR* 20:3.1(a)(1)(2)(3); 3.4(a)(c)(d); and 8.4)

8. The discovery sought is not unreasonably cumulative or duplicative and cannot be obtained from some other source that is more convenient, less burdensome, cheaper or less expensive: the Defendants have the information and ability to admit to or deny the requests, the discovery is within the scope permitted by **Rule 26(b)(1)**, answers to the requests to admit are vital to resolving the controversy without the expense of a trial, and the Plaintiff's rights far outweigh the Defendants' interest in refusing to answer since it is only to obfuscate and refuse to take responsibility for their actions that violated Plaintiff's clearly established, fundamental Constitutional Rights, and caused the damage averred in the Amended Complaint, Motion for Entry of Default Judgment, and previously filed Affidavit in Support of Motion for Default Judgment.

Signed under penalty of perjury at Sturtevant, Wisconsin this 29th day of July, 2025.

Humbly Submitted,

Ryan P. O'Boyle