UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN P. O'BOYLE,

        Plaintiff,

v.                                                                         Case No. 24-CV-895

MARK SHEREMETA, et al.,

        Defendants.

## DEFENDANTS' BRIEF IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

NOW COME Defendants Sheremeta, Romero-Perez, Maduscha, Dathe, Locicero, and Humitz (collectively, the "City Defendants") by their attorney, Evan C. Goyke, City Attorney, represented by Assistant City Attorney Clint B. Muche, and provide the following memorandum of law in opposition to Plaintiff's motion for default judgment (*see* ECF No. 62):

### **INTRODUCTION**

On July 23, 2025, Plaintiff filed a motion for default judgment requesting that the Court enter default judgment in his favor and assess $2,818,778.00 in total damages. *See* ECF Nos. 62 and 63. Plaintiff makes two allegations in support of his request: First, he alleges that Defendants' responses to Plaintiff's first set of discovery requests are evasive and incomplete and implies therefore they should be treated as no response. Second, he alleges Defendants failed to respond to certain requests. Plaintiff acknowledges that he never filed a motion to compel pursuant to Fed. R. Civ. P. 37(a)(3). *See* ECF No. 62, at p. 1.

The Court must deny Plaintiff's request for default judgment because his request is unripe. Although it is true that Fed. R. Civ. P. 37(b)(2)(A) authorizes sanctions, including entry of default

1

judgment against the non-compliant party, such sanctions are for *not obeying a court's discovery order* pursuant to Fed. R. Civ. P. 37(a)(3). Because Plaintiff never sought an order to compel and the Court never ordered Defendants to supplement their responses, Plaintiff's current request asks too much.

Plaintiff's request is furthermore frivolous insomuch as he asserts Defendants failed to respond to his second, third, and fourth set of discovery requests. Objections to Plaintiff's second set of discovery requests were prepared on March 4, 2025. *See* Muche Declaration, ¶¶ 4, 6, and Ex. 2. Objections and responses to Plaintiff's third and fourth discovery requests were mailed on July 14, 2025. *See* Muche Declaration, ¶¶ 5, 6, and Ex. 3.

## **RELEVANT FACTS**

Defendants served responses to Plaintiff's first discovery requests in February 2025. *See* Muche Declaration, ¶¶ 3, 6. Defendants prepared objections to Plaintiff's second set of discovery requests on March 4, 2025. *See* Muche Declaration, ¶¶ 4, 6. In the nearly six intervening months, Plaintiff has neither sent written correspondence identifying particular deficiencies and requesting that they be cured, nor availed himself of the process by which he could compel additional responses and/or request Court intervention. *See* Muche Declaration, ¶¶ 13-14.

To the extent Plaintiff avers responses to his second set of requests were never received, the first time this was ever brought to counsel's attention was when he received electronic notice of Plaintiff's motion filed July 23, 2025. *See* Muche Declaration, ¶ 14. Since Plaintiff's second discovery requests were received on or about February 28, 2025, counsel has accepted numerous incoming calls from Plaintiff,[1] conducted the continuation of a virtual deposition on March 28, 2025, and provided supplemental disclosures on April 8th. *See* Muche Declaration, ¶ 15. Counsel

---

[1] In light of Plaintiff's present circumstances, counsel is unable to reach him directly by telephone. Counsel *has* sent correspondence from time-to-time requesting a call or written reply.

2

is additionally aware that Plaintiff was transferred from one facility to another at some point this Spring. *See* Muche Declaration, ¶ 17. Defendants have additionally filed their responses herewith. *See* Muche Declaration, ¶ 3, Ex. 1; ¶ 4, Ex. 2; and ¶ 5, Ex. 3.

Plaintiff's second set of written discovery requests consists of fifty-five (55) requests to admit, and two (2) interrogatories specific to the responses to the preceding requests to admit. Muche Declaration, ¶ 19. Plaintiff's first set of written discovery included fifty-seven (57) requests to admit. Muche Declaration, ¶ 18. The Eastern District of Wisconsin local rules limit the parties to no more than fifty requests to admit without leave. *See* Civil L. R. 36(a)(3) and (4). Plaintiff never sought leave from the Court, or counsel, to propound more than fifty requests to admit. Muche Declaration, ¶ 20. Defendants have objected to each such request to admit beyond the initial fifty-seven requests based upon the Local Rule. *See* Muche Declaration, ¶ 4, Ex. 2, and ¶ 5, Ex. 3.

## **ARGUMENT**

Default judgments are a "drastic" measure. *Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995). "[A] default judgment should not be a ready response to all litigant misbehavior[,]" *see id.*, but rather a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Sun v. Bd. of Trs. Of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). Indeed, the Seventh Circuit has a "well-established policy favoring a trial on the merits over a default judgment." *Id.* at 810. This alone is reason enough to deny Plaintiff's motion

The Federal Rules of Civil Procedure collectively establish a multi-step process for addressing discovery disputes. For example, Rule 26(g)(3) provides for the Court to impose sanctions for improper certification without substantial justification. This may be done *sua sponte* or upon a party's motion, but in any event the issue must first be brought to the Court's attention after which the opposing party has an opportunity to be heard. Pertinent here, Rule 36(a)(6)

3

Case 2:24-cv-00895-JPS   Filed 08/05/25   Page 3 of 5   Document 67

similarly requires the requesting party to move for a determination regarding the sufficiency of an answer or objection. Rule 37 sets forth the procedure by which a court may compel discovery responses including: first, a motion by the requesting party, *see* Fed. R. Civ. P. 37(a)(3)(A), and second, sanctions if the court orders a party to respond and the party fails to comply. *See* Fed. R. Civ. P. 37(b). These rules are buttressed by the Eastern District's local rules which provide that:

> All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord.

*See* Civil L. R. 37. Notably, Civil L. R. 36 separately provides that, "[m]ore than 50 requests for admission may be served on a party only if that party agrees in writing or the Court so orders[,]" and, "[t]he Court will not compel a party to answer any requests for admission served in violation of this rule." *See* Civil L. R. 36(a)(3) and (4).

Plaintiff request for default judgment is without merit. In the first place, he lacked authority to propound more than 50 requests to admit. In the second, Defendants appropriately responded and objected. Third, to the extent Defendants' responses were not received Plaintiff failed to bring this to counsel's attention. Fourth, Defendants have re-produced all previous responses in conjunction with this motion and Plaintiff cannot demonstrate that he was prejudiced by the delay. Furthermore, he cannot show compliance with the Court's local rules regarding good faith attempts to resolve discovery disputes without court intervention..

## **CONCLUSION**

The Court should deny Plaintiff's motion with prejudice for the reasons set forth herein.

Dated and signed at Milwaukee, Wisconsin this 5th day of August, 2025.

ADDRESS:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Email: cmuche@milwaukee.gov

EVAN GOYKE
City Attorney

s/Clint Muche
CLINT MUCHE
State Bar No. 1131629
Assistant City Attorney
*Attorneys for Defendants*

1032-2024-1431/298868