JPS

United States District Court
Eastern District of Wisconsin
Milwaukee Division

U.S. District Court
Wisconsin Eastern
OCT 19 2026
FILED
Clerk of Court

Ryan P. O'Boyle,
Plaintiff,

v.

Case No. 2:24-CV-00895-JPS

Mark Sheremeta, Ana Romero-Perez,
Khristopher Maduscha, Nash Dathe,
Juan Garcia, Nathan Locicero, Shawn Humitz,
Defendants.

---

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(5)**

---

Pursuant to Federal Rule of Appellate Procedure 4(a)(5), Plaintiff Ryan P. O'Boyle respectfully moves this Court for an order extending the time to file his Notice of Appeal by one day, up to and including October 1, 2026. In support of this motion, Plaintiff states as follows:

1. On August 31, 2026, this Court entered final judgment in the underlying action.

2. Under Federal Rule of Appellate Procedure 4(a)(1)(A), the standard 30-day window to file a Notice of Appeal expired on September 30, 2026.

3. Plaintiff, proceeding pro se, deposited his comprehensive appellate packet into the United States Mail via First-Class Mail on September 28, 2026—two full days prior to the expiration of the deadline. This complete packet included: (1) the Notice of Appeal; (2) Appellant's Docketing Statement; (3) Plaintiff's Motion for Leave to Proceed on Appeal In Forma Pauperis; (4) the supporting In Forma Pauperis Affidavit; (5) the Statement of Issues; (6) the Seventh Circuit Transcript Information Sheet; and (7) the signed Certificate of Service. (See USPS Post Office Receipt, attached hereto as Exhibit A).

4. The Clerk of Court received and physically docketed the Notice of Appeal on October 1, 2026, which is exactly one day past the standard deadline.

5. Under FRAP 4(a)(5)(A), a district court may extend the time to file a notice of appeal if a party moves for an extension no later than 30 days after the original time expires, and shows excusable neglect or good cause. This motion is timely filed before the October 30, 2026 deadline.

6. Plaintiff's minimal one-day delay constitutes excusable neglect under the multi-factor standard articulated by the Supreme Court in Pioneer Investment Services Co. v. Brunswick Associates Corp., 507 U.S. 380 (1993):

a. Danger of Prejudice: There is absolutely zero prejudice to the Defendants-Appellees, as the notice was delayed by only 24 hours.

b. Length of Delay: The delay is a single day and has had no impact on the judicial proceedings of this Court.

c. Reason for Delay and Good Faith: Plaintiff acted with extraordinary diligence and in complete good faith. Having spent over two years litigating complex civil rights matters while incarcerated, Plaintiff was heavily institutionalized to the mechanics of the "Prison Mailbox Rule," under which a pro se document is legally filed the moment it is postmarked or deposited with institutional authorities. Following his recent release, Plaintiff carried this honest, deeply ingrained understanding of federal filing procedures with him into the community.

To ensure strict compliance, Plaintiff presented his complete appellate packet at the United States Post Office counter on September 28, 2026—two full days before the deadline. Plaintiff explicitly asked the postal counter clerk, "Will this get downtown tomorrow or before the 1st?" The clerk confirmed, "Oh yeah, it'll go out right away in the morning." Plaintiff emphasized the critical nature of the timeline, stating, "Good. It has to be postmarked today though."

Plaintiff relied entirely on the clerk's assurance and his own long-standing understanding that the postmark date preserved his filing timeline. Plaintiff did not sleep on his rights or file an incomplete placeholder; he took every affirmative step within his power to ensure timely filing, only to be delayed by a 24-hour postal transit window beyond his control.

d. Good Faith: Plaintiff acted in complete good faith and with extraordinary diligence. As demonstrated by Exhibit A and the exhaustive nature of the initial packet, Plaintiff did not sleep on his rights or file an incomplete placeholder. He proactively prepared, finalized, signed, and purchased first-class postage for every single mandatory appellate document on September 28th, fully expecting the postal service to deliver the packet before the expiration date.

7. Failing to grant this extension would result in a grave miscarriage of justice, completely barring a pro se litigant from appealing a substantial civil rights matter concerning clearly established constitutional violations over a 24-hour postal delay.

WHEREFORE, Plaintiff Ryan P. O'Boyle respectfully requests that this Court grant this Motion and extend the filing deadline under FRAP 4(a)(5) to deem his October 1, 2026 Notice of Appeal timely filed.

Dated: October 14, 2026

Respectfully submitted,

Ryan P. O'Boyle, Pro Se
4715 W. Howard Ave.
Greenfield, WI 53220
(317)612-1849
ryanoboyle414@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of October, 2026, a true and correct copy of the foregoing document was served via First-Class U.S. Mail, postage prepaid, upon counsel for Defendants:

Assistant City Attorney Clint B. Muche
Office of the City Attorney
200 E. Wells Street, Room 800
Milwaukee, WI 53202

Ryan P. O'Boyle, Pro Se